Dale Joseph BURKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 61016.

Court of Criminal Appeals of Texas, Panel No. 3.

June 13, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Gerald A. Woolf, court appointed, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Andy M. Tobias and Tom Royce, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. After appellant entered a guilty plea the trial court assessed punishment at ten years.

At the outset we are met with fundamental error. Article 1.15, V.A.C.C.P., requires evidence be introduced to support a plea of guilty. The only evidence presented to support appellant's guilty plea was this judicial confession:

"On September 21, 1977, in Harris County, Texas, I did while in the course of committing theft of property owned by Ricky Elbert Stevenson hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly *threaten and place the Complainant in fear of imminent bodily injury and death*, by using and exhibiting a deadly weapon, namely, a pistol." (Emphasis added.)

The indictment, however, alleged that appellant committed the offense not by threatening and placing the complainant in fear of imminent bodily injury and death (under V.T.C.A., Penal Code Secs. 29.-02(a)(2) and 29.03), but by causing serious bodily injury to the complainant (under V.T.C.A., Penal Code Secs. 29.02(a)(1) and 29.03). The judicial confession therefore will not support the conviction because it is not a confession to the offense alleged in the indictment. *Reid v. State*, Tex.Cr.App., 560 S.W.2d 99.

Because the guilty plea is not supported by evidence as required by Article 1.15, supra, the judgment is reversed and the cause remanded.