Thomas Connor NOLAN, II, Appellant,

v.

The STATE of Texas, Appellee.

No. 539–82.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 18, 1983.

Kerry P. Fitzgerald, Michael C. Barrett, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Ronald D. Hinds, Richard Worthy and Steve Khoury, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of forgery by passing, V.T.C.A. Penal Code, Sec. 32.21, and punishment was assessed at imprisonment for seven years in the Texas Department of Corrections. The Eleventh Court of Appeals affirmed the conviction. The appellant in his petition for discretionary review argues that the trial court erred: in refusing to dismiss the indictment because it failed to allege facts which constituted a criminal offense, by admitting a federal penitentiary packet into evidence, and by admitting into evidence a check which was evidence of an extraneous offense and which was not relevant to the forgery for which appellant was tried.

The appellant claims that the indictment failed to properly allege the offense of forgery. The indictment, omitting the formal parts, alleged that the appellant:

"[O]n or about November 17, 1978, did maintain a checking account at North Dallas Bank & Trust Co. styled 'Thomas C. Nolan' and numbered '58–2050–1'; that on or about November 17, 1978, North Dallas Bank & Trust Co. was

served with a Writ of Garnishment in cause number 011278, styled Texas American Bank, Dallas North vs. North Dallas Bank & Trust Company, then pending in the 160th Judicial District Court of Dallas County, Texas, which had been issued on the basis of a judgment recovered by Texas American Bank, Dallas North against the said Defendant; that pursuant to said Writ of Garnishment, Bill G. Swift, an officer of North Dallas Bank & Trust Co., placed a hold on said account number '58–2050–1'; that on or about the 30th day of November in the year of our Lord One Thousand Nine Hundred and Seventy-Eight in the County and State aforesaid, said Defendant did unlawfully, knowingly and intentionally pass to Carla Dorene Barnes, a teller at North Dallas Bank & Trust Co. with intent to defraud and harm another, a writing of the tenor following:

## [THE INDICTMENT INCLUDES THE CHECK IN QUESTION]

said writing bearing the notation 'BGS/ok', a notation which purported to be the act of Bill G. Swift, who did not authorize said act, and said Defendant knew at the time he passed said writing bearing said notation that Bill G. Swift did not authorize said act, and prior to passing to Carla Dorene Barnes said writing, said Defendant was informed by Carla Dorene Barnes that due to a hold on said account number '58–2050–1', she would not disburse any funds to said Defendant from said account without the approval of an officer of North Dallas Bank & Trust Co. . . . ."

■ In order to prove that the appellant committed the offense of forgery by passing, the State must show that the appellant (1) with intent to defraud or harm another (2) passed (3) a check (4) that purported to be the act of another, and (5) that other persons did not authorize that act. See Sec. 32.21(a)(1)(A), supra, and *Landry v. State,* 583 S.W.2d 620 (Tex.Cr.App.1979). The indictment in the present case alleged that the appellant (1) with the intent to defraud

or harm another (2) passed (3) a check (4) bearing the notation "BGS/ok", a notation which purported to be the act of Bill G. Swift, a bank officer of the North Dallas Bank & Trust Co., and (5) that Bill G. Smith did not authorize said act. The appellant attacks the purport clause in the indictment, and argues that *the check* did not purport to be the act of anyone other than the appellant. We disagree.

■ Although the alleged forged instrument bears the same signature as that of the accused, the indictment includes explanatory averments to show that the instrument was in fact a forgery. The indictment alleged that the check was drawn upon an account which had been put on hold by bank officer Bill G. Swift as a result of a writ of garnishment served on the bank on the basis of a judgment recovered against the appellant. A check written on that account was not negotiable until it was approved by an officer of the bank. The status of the account and the requirement of the officer's initials is significant and the indictment properly included this information as part of the allegations, for any check written on the account was required to show the authorization of a bank officer before it could be cashed. The indictment, by alleging facts concerning the writ of garnishment, the hold on appellant's account, and the requirement of a bank officer's approval, properly showed that the falsely initialed check, although purporting to be the act of the appellant, also purported to be the act of Bill G. Swift. The appellant's act of writing the initials on the check falls clearly within the meaning of "forge" as set out in Sec. 32.21(a)(1)(A), supra, for he not only executed and completed the check, he also made the check negotiable and authenticated it for negotiation by his act. The indictment properly alleged the offense of forgery by passing.

The appellant contends that the trial court erred in admitting the federal penitentiary packet into evidence at the punishment stage of the trial because the attesting officer was not certified to be the legal custodian and because the document lacked a proper seal.

With respect to appellant's claim of improper certification, Robert A. Truesdale identifies himself both in his signature and in the paragraph as the "Custodian of Records," and as "the official custodian of the records of the said institution whose official name is Medical Center for Federal Prisoners." He attests that the papers are true and correct copies of records of that institution as they pertain to the appellant. Dale L. Ramsey, the attestation officer, avers that his signature is the signature of the officer authorized to administer oaths under 18 U.S.C.A. § 4004. Art. 3731a, V.A.T.S., which governs authentication of official written instruments submitted for admission into evidence requires that "the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing." The attestation and certificate sufficiently show Robert A. Truesdale to have legal custody of the records. The penitentiary packet was properly admitted into evidence.

The appellant argues that the trial court erred in admitting a check for $1,250 into evidence because it was evidence of an extraneous offense and because it was irrelevant to show the status of appellant's account. The Court of Appeals correctly held that reversible error has not been shown.

The check in question was drawn on account no. 34–5131–7, which is in the name of Nolan Investment Company. Testimony at trial showed that the making and deposit of the check by appellant initiated the series of transactions which resulted in the forged check passed by appellant. It does not show on its face an extraneous offense. However, even if it did, the check would still be admissible to show the context in which the forgery occurred and to show appellant's motive, plan, or scheme. See *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr. App.1972). The check was properly admitted into evidence.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and CLINTON, TEAGUE and MILLER, JJ., dissent to this opinion.