Beth **VANZANT**, Appellant,

v.

**STATE of Texas**, Appellee.

Nos. 13–84–464–CR, 13–84–465–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

---

1. The remedy was first adopted in Texas by the Fourth Congress of the Texas Republic in 1840.

Gene A. Garcia, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from orders of revocation of probation, after which appellant was sentenced to five years' confinement for the offense of burglary of a habitation and four years' confinement for the offense of theft.

Appellant had originally entered a plea of guilty on April 29, 1981 in trial cause no. 81–CR–218–D to the offense of burglary of a habitation, and had been placed on probation for five years. Appellant had also entered a plea of guilty on June 10, 1981 in trial cause no. 81–CR–600–D to the offense of theft, and was placed on probation for four years. Revocation in each case was based on a violation of probation by the commission of the same offense of forgery (by passing). In a single ground of error appellant alleges the evidence is insufficient to show each element of the offense of forgery (by passing). *See* Tex.Penal Code Ann. § 32.21 (Vernon 1974). The elements of the offense that the State must show by a preponderance of the evidence are that appellant:

(1) with intent to defraud or harm another

(2) passed

(3) a check

(4) that purported to be the act of another, and

(5) that other person did not authorize that act.

*Nolan v. State*, 645 S.W.2d 443 (Tex.Crim.App.1983). Appellant complains especially that the State failed to establish the first element of the offense.

We have reviewed the record and find the evidence sufficient to support the court's order. Appellant's mother testified that she did not sign the check as maker or authorize anyone else to sign on her behalf. Thus the check was forged. *Anderson v. State*, 621 S.W.2d 805, 808 (Tex.Crim.App. 1981).

Appellant relies on *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Crim.App.1977) which requires a showing that a defendant have knowledge that the instrument possessed be forged in order to establish the first element of the offense. Such is a correct statement of the law and is applicable to this case. However, unlike *Stuebgen*, the cases before us involve revocation proceedings and such showing need be

made only by a preponderance of the evidence, *Scamardo v. State,* 517 S.W.2d 293 (Tex.Crim.App.1974), and not beyond a reasonable doubt. The evidence showed among other things the following:

1. Appellant was the daughter of the purported maker of the check, Louise Coker.

2. Louise Coker did not sign the check in question as maker nor authorize anyone else to do so.

3. Louise Coker had in the past made checks and delivered them to appellant so that appellant could secure groceries; or, cash or change for Ms. Coker's jewelry store.

4. Louise Coker did not authorize the appellant to pass or use the check in question or deliver the check to appellant.

5. Appellant was familiar with Louise Coker's signature.

6. The check in question was not received by Ms. Coker as she was in the hospital when the series of checks was mailed to her by the bank.

7. The forged check was made payable to appellant and appellant endorsed the check and passed it at Fuedo's Store.

We hold that while such evidence might not meet the burden of proof beyond a reasonable doubt required in *Stuebgen v. State,* that such evidence and the reasonable inferences therefrom constitute sufficient evidence from which the trial court could find by a preponderance of the evidence that the appellant passed the check with the intent to harm or defraud another as required by § 32.21 of the Texas Penal Code.

The trial judgment revoking probation in our cause no. 13–84–464–CR is incorrectly described as cause no. 81–CR–281–D. That judgment is reformed to correctly reflect a conviction in cause no. 81–CR–218–D, and as reformed, is AFFIRMED.

The trial court judgment of revocation in our cause 13–84–465–CR also incorrectly states the cause number in that portion setting out that the sentence is to be served concurrently with the burglary of habitation conviction. Such judgment is reformed to reflect that the trial cause number for the conviction of the appellant in the burglary of habitation case is 81–CR–218–D, rather than 81–CR–281–D, and as reformed, is AFFIRMED.