Jerry Lewis **EDWARDS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–91–01039–CR.

Court of Appeals of Texas, Dallas.

May 27, 1992.

Lawrance G. Boyd, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before STEWART, CHAPMAN and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

The trial court found Jerry Lewis Edwards guilty of forgery. Appellant entered a judicial confession to the offense and pleaded guilty. The court then placed appellant on ten years' deferred-adjudication probation and sent him to a drug-rehabilitation program. Appellant violated the terms of his probation, and the State

filed a motion to proceed to an adjudication of guilt. The trial court granted the State's motion and sentenced appellant to life in prison. In one point of error, appellant contends that his conviction is void because it is based on a fundamentally defective indictment. We overrule appellant's point of error and we affirm the trial court's judgment.

## STATEMENT OF FACTS

Appellant entered an "open plea" to the third-degree-felony offense of forgery and asked the trial court to assess punishment without benefit of a plea bargain. The range of punishment, enhanced by two prior felony convictions, was confinement for twenty-five to ninety-nine years or life.

After hearing appellant's guilty plea and the State's evidence, the trial court found the evidence sufficient to substantiate appellant's guilt but deferred any finding on that issue. The court placed appellant on ten years' probation and sent him to a drug-rehabilitation program. The trial court repeatedly warned appellant that the drug-treatment program was very difficult and in some ways tougher than prison and that he should strongly consider taking the State's recommendation of fifteen years' confinement. Having admonished appellant, the trial court entered an order for deferred adjudication on April 12, 1991. The order contained the following term or condition:

> (m) Immediately, the defendant shall seek drug treatment through an agency approved by this court, which offers said services, such as Cenikor, 2209 S. Main, Ft. Worth, Tx.[,] as treatment is deemed necessary, the defendant shall abide by any and all treatment directives, comply with the rules and regulations of the approved agency, and continue in said treatment until released by this [c]ourt.

On May 15, 1991, the State filed a motion to proceed to an adjudication of guilt alleging that:

> the defendant has violated the following conditions (o) of said probation in that (1) JERRY LEWIS EDWARDS did violate condition (m) [sic] in that he did not comply with the rules and regulations of Cenikor and failed to continue in treatment until released by the [c]ourt.

Appellant entered a plea of "not true" to the allegation that he had violated the terms of his probation. The State produced evidence showing that appellant left Cenikor without permission on May 13, 1991.

Appellant testified that he had about ninety outstanding warrants for issuing bad checks and that he left Cenikor to take care of these warrants. Appellant also testified that investigators told him that they would charge him as a drug "kingpin" if he did not help them eliminate two crack houses that were in his name. After trying to take care of the warrants, appellant contacted Cenikor about possibly returning to the program.

Appellant's wife testified that one of the employees at Cenikor told her that she would help appellant get back into Cenikor. In addition, two pastors who called Cenikor on appellant's behalf testified that appellant was a good person in the church and that he was a positive influence on children.

After all the evidence was presented, the trial court sentenced appellant to life in prison.

## COLLATERAL ATTACK

■ The State asserts that this appeal is a collateral attack on the sufficiency of the indictment. The State cites *Keagan v. State*, 618 S.W.2d 54 (Tex.Crim.App.1981), as authority. After a careful review of *Keagan*, we believe that the State's reliance on that case is misplaced. *Keagan* involved the appeal of the revocation of post-conviction probation. An appeal from an order revoking probation is not an appeal from the original plea hearing. *Corley v. State*, 782 S.W.2d 859, 860 (Tex.Crim. App.1989). An appellant could perfect an appeal from a judgment adjudicating guilt and granting probation. *Id.* When no notice of appeal is given from the original plea hearing, it is too late to appeal from that hearing when the probation is revoked. *Id.* Therefore, *Keagan's* complaint about

the original indictment was a collateral attack because it was brought in the appeal of the revocation of probation and not in the appeal of the adjudication of guilt. Our case involves an appeal of a conviction after a "deferred" probation. Thus, we believe that the State has mischaracterized appellant's action.

■ The scope of the right to appeal during and after deferred adjudication proceedings was addressed in *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App. 1991). The Court of Criminal Appeals discussed the relationship between article 42.12 and 44.01(j) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC.ANN. art. 44.01(j) (Vernon Supp.1992) and TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1992). Article 44.01(j) provides:

> Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with art. 44.02 of this code.

TEX.CODE CRIM.PROC.ANN. art. 44.01(j) (Vernon Supp.1992). The court in *Dillehey* held that, when article 44.01(j) is read in conjunction with article 42.12, a situation arises that allows defendants placed on deferred adjudication to immediately appeal rulings on pre-trial motions. *Id.* Essentially, *Dillehey* stands for the proposition that a defendant can perfect an appeal during the window period between the time deferred adjudication is ordered and the time an adjudication of guilt is reached. *Id.* On the other hand, a defendant does not have the right to appeal the trial court's decision to proceed to an adjudication of guilt. *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); TEX. CODE CRIM.PROC.ANN. art. 42.12 § 5(b) (Vernon Supp.1992); *see Mayers v. State*, 735 S.W.2d 550, 551 (Tex.App.—Dallas 1987, no pet.). In other words, a defendant cannot appeal the revocation of a "deferred" probation. However, after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, *and defendant's appeal* continue as if the adjudication of guilt had not been deferred. *David v. State*, 704 S.W.2d 766, 767 (Tex.Crim.App.1985) TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1992). Because appellant perfected this appeal from the order adjudicating his guilt rather than from, as in *Keagan*, the order revoking his post-judgment probation, we hold that the present appeal is a direct, not a collateral, attack on the indictment.

## INDICTMENT

Appellant contends that the indictment in this case contains a contradiction by alleging that the check in the indictment purports to be the "act of another who did not authorize the act" while the check itself indicates that appellant himself, not another, issued the check. We disagree.

■ The indictment for forgery in this case reads as follows:

> [Appellant] did intentionally and knowingly with intent to defraud and harm another, pass to SALLY L. JACKSON a forged writing knowing such writing to be forged, and such writing had been so made that it purported to be the act of ANOTHER who did not authorize the act. . . .

The indictment included a copy of the check showing that the maker was "Jerry Edwards," whose name and address is the same as appellant's. The offense of forgery by passing requires the State to show beyond a reasonable doubt that appellant:

(1) with intent to defraud or harm another

(2) passed

(3) a check

(4) that purported to be the act of another, and

(5) that other person did not authorize that act.

TEX.PENAL CODE ANN. § 32.21 (Vernon 1974); *Vanzant v. State*, 697 S.W.2d 747, 748 (Tex.App.—Corpus Christi 1985, no pet.). Although the indictment tracks the

statute and contains all the necessary elements to charge the offense, appellant complains that, because the check bears the same name and address as his in the top left-hand corner and because the check bears his signature, there is no writing purporting to be the "act of another" as alleged in the indictment. The question before us is whether the indictment in this case is so fundamentally defective that it does not sufficiently charge appellant with the offense of forgery pursuant to section 32.21 of the Texas Penal Code.

■ Here, appellant by written confession pleaded guilty to all the allegations in the indictment, even though the check named in the indictment contained the same name and address as appellant's and was signed by appellant. First, a person may commit forgery by signing his own name to a check where he does so to create confusion with another depositor. *Green v. State*, 761 S.W.2d 824, 826 (Tex.App.—Dallas 1988, no pet.). Further, a judicial confession standing alone is sufficient to sustain a conviction on a guilty plea under article 1.15 of the Texas Code of Criminal Procedure. *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex.Crim.App.1980); TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 1992). Corroboration of the judicial confession is not required. *Dinnery*, 592 S.W.2d at 532. The judicial confession must be to the offense presented in the indictment. *Burke v. State*, 589 S.W.2d 411, 412 (Tex. Crim.App.1979). Appellant's judicial confession tracks the language of the indictment. Furthermore, appellant's signed Waiver of Jury Trial and Guilty Plea form states that he admits guilt of the offense "exactly as alleged in the charging instrument." Therefore, the State met its burden under *Burke*. *See Burke*, 589 S.W.2d at 412.

■ Appellant contends that, because the State alleges that the forged instrument bears the same name or signature as appellant's, the State was required to provide explanatory averments in the indictment to show that the instrument was in fact a forgery. *Smith v. State*, 435 S.W.2d

526, 527 (Tex.Crim.App.1969). Article 1.14(b) provides as follows:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1992); *see also Ex parte Gibson*, 800 S.W.2d 548, 550 (Tex.Crim.App.1990); *Van Dusen v. State*, 744 S.W.2d 279, 280 (Tex.App.—Dallas 1987, no pet.). Matters of substance that the State fails to allege are waived by the failure to object before trial. *Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App.1990). Appellant made no pretrial objection to the indictment. Here, appellant pleaded guilty to the offense as in the indictment. Because appellant did not object, he has waived his objection to the contents of the indictment.

We overrule appellant's point of error. We affirm the trial court's judgment.