**Glen Michael MANGANELLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00808–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 17, 1996.

Verna Victoria Langham, Langham and Friesenhahn, San Antonio, for appellant.

Brenda Levenstein, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, LÓPEZ and HARDBERGER, JJ.

### OPINION

LÓPEZ, Justice.

■ This appeal questions the applicability of TEX.R.APP.P. 40(b)(1) to appeals arising from a motion to revoke regular probation. Appellant, Glen Michael Manganello, pled guilty to burglary of a habitation, and the trial court assessed punishment at eight years confinement, probated for eight years. Seven years later, the trial court revoked appellant's probation upon his plea of true to

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (addressing frivo-

the State's motion to revoke. While appellant's appointed attorney contends this appeal is frivolous, the State argues that we lack jurisdiction over the appeal because appellant's notice of appeal does not comply with TEX.R.APP.P. 40(b)(1).

■ Rule 40(b)(1) requires a defendant, "in an appeal from a plea-bargained conviction," to file a notice of appeal that states the trial court granted permission to appeal or that the matters were raised by written motion ruled on before trial. *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* ── U.S. ──, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *see also* TEX.R.APP.P. 40(b)(1). A "general" notice of appeal confers jurisdiction on a court of appeals to address only jurisdictional issues. *Lyon,* 872 S.W.2d at 736.

■ A defendant may perfect an appeal from a judgment adjudicating guilt and granting probation. *Edwards v. State,* 835 S.W.2d 660, 662 (Tex.App.—Dallas 1992, no pet.) (citing *Corley v. State,* 782 S.W.2d 859, 860 (Tex.Crim.App.1989)). In this type of appeal, rule 40(b)(1) is applicable, even if the appeal involves an *Anders*[1] brief. *See, e.g., Jacobs v. State,* 903 S.W.2d 848, 850 (Tex. App.—Texarkana 1995, pet. ref'd) (probation); *Flores v. State,* 888 S.W.2d 193, 195 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (probation); *Shafer v. State,* 842 S.W.2d 734, 736 (Tex.App.—Dallas 1992, pet. ref'd) (*Anders* brief).

■ A defendant may also appeal from the trial court's order revoking probation. *See Corley,* 782 S.W.2d at 860; *Edwards,* 835 S.W.2d at 662. Rule 40(b)(1) is not applicable to the revocation appeal, even if the defendant pleads true to the motion to revoke, because the "conviction" triggering the rule occurred at an earlier point when the defendant was found guilty and assessed probation. *Cf. McLennan v. State,* 796 S.W.2d 324, 326 (Tex.App.—San Antonio 1990, pet. ref'd) (holding that rule 40(b)(1) is inapplicable to deferred adjudication granted pursuant to a plea bargain because there is no

lous appeals).

conviction until the adjudication hearing). In addition, rule 40(b)(1) requires a "plea bargain," which does not exist at the revocation stage. *See* TEX.R.APP.P. 40(b)(1).

In this case, appellant did not timely appeal his sentence or adjudication of guilt. His appeal is therefore limited to the propriety of the revocation. *See Corley,* 782 S.W.2d at 860 & n. 2. Because TEX.R.APP.P. 40(b)(1) is not applicable to appeals from revocation of regular probation, we conclude we have jurisdiction to address the brief filed by appellant's court-appointed attorney.

Counsel raises no arguable points of error and concludes that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *High v. State,* 573 S.W.2d 807 (Tex.Crim. App.1978), and *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969). Counsel states that appellant was provided with a copy of the brief and informed of his right to review the record and file his own brief if he wished. Appellant has not done so.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed.