TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00589-CR








Tony Anthony Johnson, Appellant




v.




The State of Texas, Appellee










FROM THE CRIMINAL DISTRICT COURT NO. 2 OF DALLAS COUNTY


NO. F89-A1378-JI, HONORABLE JOHN F. ONION, JUDGE PRESIDING 








 Appellant Tony Anthony Johnson appeals from the judgment reassessing his 
punishment that was entered when he was resentenced pursuant to a federal court order. We will
overrule appellant's points of error and affirm the judgment of the trial court reassessing
punishment at imprisonment for seventy-five years.

 We summarize the procedural history of the case. Appellant entered a plea of
guilty to a charge of burglary of a habitation and a plea of true to enhancement allegations that
he had been convicted of two prior felony offenses. The trial court rejected the plea bargain
agreement, deferred adjudication of guilt, and placed appellant on probation for ten years. 
Thereafter, the trial court, pursuant to the State's motion, found appellant had violated the
conditions of probation, proceeded to adjudicate appellant's guilt, and assessed punishment at life
imprisonment and a fine of $1,000. Appellant appealed and the judgment was affirmed by the
Dallas Court of Appeals. The Court of Criminal Appeals refused appellant's petition for
discretionary review and later denied appellant's post-conviction writ of habeas corpus. Appellant
then filed a petition for writ of habeas corpus in the federal district court. The United States
District Court ordered the dismissal of the charges against appellant unless the State within ninety
days afforded appellant "a new sentencing hearing before a neutral, detached and impartial judicial
officer."

 The Honorable John F. Onion, Retired Presiding Judge of the Court of Criminal
Appeals, was appointed to conduct the resentencing hearing. At that hearing, appellant moved
to withdraw his guilty plea and stated he wanted to plead not guilty. Appellant did not say
whether he wanted a jury trial. Appellant's motion was denied. The State offered evidence upon
which the court could base punishment for the resentencing of appellant. The court reassessed
punishment and resentenced appellant. Appellant filed a motion for new trial alleging that his
guilty plea had been involuntary and that his "judicial confession," which was admitted in
evidence when he entered his guilty plea, was a "fraud." The motion for new trial was overruled.

 In his first point of error, appellant asserts that: "The trial court erred in not
permitting appellant to withdraw his plea of guilty after the court rejected a plea bargain
agreement." The federal court ordered that appellant be afforded "a new sentencing hearing
before a neutral, detached and impartial judicial officer." The federal court did not order that
appellant be granted a new trial. Therefore, the trial court at the resentencing hearing properly
denied appellant's motion to withdraw his guilty plea. (1) We overrule appellant's first point of
error.

 In his second point of error, appellant urges that: "Appellant's plea of guilty was
rendered involuntary by the failure of his appointed counsel to provide effective assistance." If
appellant desired to have this issue reviewed, he had the opportunity to present it to the Dallas
Court of Appeals in his original appeal. See Sanders v. State, 832 S.W.2d 719, 723 (Tex.
App.--Austin 1992, no pet.). The judgment from which appellant is now appealing was rendered
after the federal court ordered only a resentencing hearing. The issue raised in this point of error
is not properly before us for review because it is untimely presented. Appellant's second point
of error is overruled.

 Appellant's last point of error is that: "The appellant was denied due process of
law by the trial court's adjudication of guilt without sufficient evidence for a rational trier of the
facts to conclude by a preponderance of the evidence that appellant violated a term or condition
of his deferred adjudication probation." The appeal of this point of error will be dismissed
because it presents a matter that may not be appealed. The statute relating to the adjudication of
guilt after an alleged breach of conditions of deferred adjudication provides that:



 On violation of a condition . . . .


The defendant is entitled to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge. No appeal
may be taken from this determination.



Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1996). The Court of Criminal
Appeals construing this provision said:



[T]he Court has held from the beginning of deferred adjudication practice that the
Legislature meant what it said in Article 42.12, § 5(b): "No appeal may be taken
from this determination [to proceed with an adjudication of guilt]." Williams v.
State, 592 S.W.2d 931 (Tex.Cr.App. 1979) (decision to proceed with an
adjudication of guilt is one of absolute non-reviewable discretion); accord: Wright
v. State, 592 S.W.2d 604 (Tex.Cr.App. 1980). Neither the Legislature nor this
court has changed that prohibition. See Russell v. State, 702 S.W.2d 617
(Tex.Cr.App. 1985); Article 42.12, § 5(b), supra.



Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Edwards v. State, 835
S.W.2d 660, 663 (Tex. App.--Dallas 1992, no pet.). Because the matter in this point of error may
not be appealed, its proper disposition is to dismiss rather than affirm. Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992). The appeal of this point of error is dismissed.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally** 

Affirmed

Filed: October 2, 1996

Do Not Publish










 * Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   We note that when appellant was first tried and entered his plea of guilty, the original
trial judge rejected the plea bargain agreement and told appellant that he could consult with
his counsel and decide whether he wanted to withdraw his guilty plea. After conferring with
his counsel, appellant advised the original trial court that he did not want to withdraw his
guilty plea and that he "wished to plead guilty."



e issue raised in this point of error
is not properly before us for review because it is untimely presented. Appellant's second point
of error is overruled.

 Appellant's last point of error is that: "The appellant was denied due process of
law by the trial court's adjudication of guilt without sufficient evidence for a rational trier of the
facts to conclude by a preponderance of the evidence that appellant violated a term or condition
of his deferred adjudication probation." The appeal of this point of error will be dismissed
because it presents a matter that may not be appealed. The statute relating to the adjudication of
guilt after an alleged breach of conditions of deferred adjudication provides that:



 On violation of a condition . . . .


The defendant is entitled to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge. No appeal
may be taken from this determination.



Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1996). The Court of Criminal
Appeals construing this provision said:



[T]he Court has held from the beginning of deferred adjudication practice that the
Legislature meant what it said in Article 42.12, § 5(b): "No appeal may be taken
from this determination [to proceed with an adjudication of guilt]." Williams v.
State, 592 S.W.2d 931 (Tex.Cr.App. 1979) (decision to proceed with an
adjudication of guilt is one of absolute non-reviewable discretion); accord: Wright
v. State, 592 S.W.2d 604 (Tex.Cr.App. 1980). Neither the Legislature nor this
court has changed that prohibition. See Russell v. State, 702 S.W.2d 617
(Tex.Cr.App. 1985); Article 42.12, § 5(b), supra.



Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Edwards v. State, 835
S.W.2d 660, 663 (Tex. App.--Dallas 1992, no pet.). Because the matter in this point of error may
not be appealed, its proper disposition is to dismiss rather than affirm. Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992). The appeal of this point of error is dismissed.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally** 

Affirmed

Filed: October 2, 1996

Do Not Publish










 * Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   We no