ACCEPTED
13-14-00297-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
4/2/2015 9:49:42 AM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-14-00297-CR

**IN THE COURT OF APPEALS**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/2/2015 9:49:42 AM
DORIAN RAMIREZ
Clerk

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

**ALEJANDRO BARRIENTES,**
Appellant

v.

**STATE OF TEXAS,**
Appellee.

**On appeal from the 107th Judicial District Court
of Cameron County, Texas
Trial Court Cause Number 2013-DCR-00657-A**

### STATE'S APPELLATE BRIEF

**ORAL ARGUMENT REQUESTED**

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax:(956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      State's Response to Appellant's Issues One through Four.. . . . . . . . . . . . . 2

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

**Cases**

*Adam v. State*,
   490 S.W.2d 189 (Tex. Crim. App. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Armitage v. State*,
   637 S.W.2d 936 (Tex. Crim. App. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dinnery v. State*,
   592 S.W.2d 343 (Tex. Crim. App. 1980) (op. on reh'g). . . . . . . . . . . . . . 4, 5

*Edwards v. State*,
   835 S.W.2d 660 (Tex. App.--Dallas 1992, no pet.). . . . . . . . . . . . . . . . . . . 4

*Evers v. State*,
   576 S.W.2d 46 (Tex. Crim. App. [Panel Op.] 1978). . . . . . . . . . . . . . . . . . 6

*Fox v. State*,
   657 S.W.2d 449 (Tex. App.--Houston [14th Dist.] 1983, no pet.).. . . . . . . . 4

*Jones v. State*,
   373 S.W.3d 790 (Tex. App.--Houston [14th Dist.] 2012, no pet.).. . . . . . . . 3

*Menefee v. State*,
   287 S.W.3d 9 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Menefee v. State*,
   No. 12–07–00001–CR, 2010 WL 3247816 (Tex. App.--Tyler 2010,
   pet. ref'd)  (not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . 3

*Staggs v. State*,
   314 S.W.3d 155 (Tex. App.--Houston [1st Dist.] 2010, no pet.). . . . . . . . . . 3

*Stewart v. State*,
   12 S.W.3d 146 (Tex. App.--Houston [1st Dist.] 2000, no pet.). . . . . . . . . . . 5

**Statutes**

Tex. Code Crim. Proc. art. 1.15.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

IN THE COURT OF APPEALS

THIRTEENTH JUDICIAL DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG, TEXAS

_____

ALEJANDRO BARRIENTES, Appellant

v.

STATE OF TEXAS, Appellee

_____

STATE'S APPELLATE BRIEF

_____

TO THE HONORABLE COURT OF APPEALS:

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

## SUMMARY OF ARGUMENT

Appellant raises four issues on appeal. Appellant generally challenges the sufficiency of the evidence to support his plea of guilty and establish his guilt as to the various elements of the offenses charged. The State responds by asserting that the evidence herein is sufficient to establish the guilt of Appellant.

## ARGUMENT & AUTHORITIES

### State's Response to Appellant's First, Second, Third and Fourth Issues

In four issues, Appellant generally challenges the sufficiency of the evidence to support his plea of guilty and establish his guilt as to the various elements of the offenses charged. The State responds by asserting that the evidence herein is sufficient to establish the guilt of Appellant.

Although the United States Constitution does not require substantiation of a guilty plea in state court, Texas Code of Criminal Procedure article 1.15 does provide this additional procedural safeguard. Tex. Code Crim. Proc. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Under this article, a court may not enter a conviction in a felony case based on a guilty plea unless evidence is presented establishing guilt in addition to and independent of the plea. Tex. Code Crim. Proc. art. 1.15; *Menefee*, 287 S.W.3d at 13–14. The evidence does not have to establish the

defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged. *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.--Houston [1st Dist.] 2010, no pet.).

Evidence substantiating a guilty plea can take several possible forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 itself states that a defendant may consent to the presentation of evidence either by oral testimony or in written form, or to an oral or written stipulation of what the evidence would be, without necessarily admitting to its veracity or accuracy. *Id*. Additionally, courts have recognized that a defendant may enter a sworn written confession, or may testify under oath in open court, admitting his or her culpability or at least acknowledging generally that the allegations against him or her are in fact true and correct. *Id*. A deficiency in one form of proof may be compensated for by other competent evidence in the record. *Id*. at 14. Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea. *See id*. at 18–19 (remanding in part for determination of whether evidence at sentencing hearing was sufficient); *Menefee v. State*, No. 12–07–00001–CR, 2010 WL 3247816, at *1, *6–7 (Tex. App.--Tyler 2010, pet. ref'd) (not designated for publication) (finding evidence at sentencing hearing was sufficient); *Jones v. State*, 373 S.W.3d 790, 792-93 (Tex. App.--Houston [14th Dist.] 2012, no pet.).

Further, a judicial confession, standing alone, is sufficient to sustain a conviction on a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g); *Edwards v. State*, 835 S.W.2d 660, 664 (Tex. App.--Dallas 1992, no pet.). A written affirmation of a charging instrument as true constitutes a judicial confession. *See Adam v. State*, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973); *Fox v. State*, 657 S.W.2d 449, 449 (Tex. App.--Houston [14th Dist.] 1983, no pet.).

In the present case, Appellant was charged and pleaded guilty to the felony offenses of evading arrest and endangering a child. The evidence supporting the plea of guilty included Appellant's judicial confession of guilt (C.R. p. 40), the statements of three officers who witnessed the offenses (C.R. pp. 46-50), and the testimony of one of the officers who testified at the punishment hearing (R.R. Vol. 8, pp. 7-16). Any of these items of evidence, alone, would be sufficient to show the guilt of Appellant; however, when taken together, these three items of evidence overwhelmingly demonstrate Appellant's guilt.

Specifically, in his judicial confession, Appellant states:

> In addition, the Defendant, in person, under oath, together with his attorney and the attorney representing the State of Texas, further agree, consent and stipulate in writing in open court to the following:
> The State may introduce affidavits, written statements of witnesses and any other documentary evidence in support of any judgment that may be entered in this cause, which are marked Exhibits No. 1, through No. 2, inclusive, and made a part hereof; that such

> stipulated evidence is true and correct; that the Defendant, is the identical person referred to in the exhibits and stipulated evidence and if the witnesses were present, sworn and testifying under oath that they would testify as set out in their written statements and would identify the Defendant as the person of whom they speak in said exhibits and stipulations; that the Defendant is the identical person named in the charging instrument in the above styled and numbered cause; that each and every allegation in said charging instrument with the offense of:
> Count I: Evading Arrest / with a motor vehicle (3rd degree);
> Count II: Endanger Child (State Jail Felony); ...
> is true and correct and each act therein alleged occurred in Cameron County, Texas.

(C.R. p. 40). This judicial confession was sworn to by Appellant, and offered into evidence. (R.R. Vol. 7, pp. 7-8). As noted above, Appellant swore under oath that "each and every allegation" in the indictment alleging the offenses of evading arrest and endangering a child is true and correct. Because Appellant's judicially admits to each and every allegation in the indictment, the evidence is therefore sufficient to support all the allegations in the indictment, including the following allegations: that he did not voluntarily deliver the child to an emergency care provider (issue one); that officers were attempting lawfully to arrest Appellant (issue three); that officers were attempting lawfully to detain Appellant (issue four); and, that the evidence was generally sufficient to support a plea of guilty (issue two). *See Dinnery*, 592 S.W.2d at 353; *see also Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.--Houston [1st Dist.] 2000, no pet.) ("A judicial confession alone is sufficient evidence to sustain a

conviction upon a guilty plea under article 1.15.").

Moreover, the plea and conviction was supported by three officers' statements (C.R. pp. 46-50), which Appellant stipulated[1] were true and correct (C.R. p. 40). The statements set forth that officers with the Brownsville Police Department observed Appellant commit a traffic violation (exhibition of acceleration) which was a sufficient basis to detain and/or arrest Appellant. *See Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982) (A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law); *see also Evers v. State*, 576 S.W.2d 46, 47–49 & n. 4 (Tex. Crim. App. [Panel Op.] 1978) (holding that accelerating quickly from stopped position where vehicle squealed tires and threw mud and gravel was violation of exhibition of acceleration statute). The officers further stated that after activating the police unit's overhead lights and siren, Appellant evaded detention or arrest and led the officers on a lengthy chase. (C.R. pp. 46, 48). The officers further stated that Appellant evaded police at a high rate of speed, disregarded traffic lights, and nearly lost control of his vehicle, all while transporting a minor as a passenger in the vehicle. (C.R. pp. 46, 48, 50). The minor

---

[1] Article 1.15 of the Code of Criminal Procedure states, in part: "... in no event shall a person charged be convicted upon his plea without sufficient evidence to support same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents ... to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court."

passenger stated that, while Appellant was driving erratically, he did fear for his safety. (C.R. p. 49). The chase ended with police detaining Appellant and making contact with the minor passenger in a parking lot (C.R. pp. 46, 48-49, 50). The fact that the officers viewed the minor with Appellant throughout the commission of the offense demonstrates that Appellant did not voluntarily deliver the minor to an emergency care provider.

Finally, the record also contains that testimony of Officer April Garza, who assisted in the pursuit and arrest of Appellant. Her testimony at the sentencing hearing supplemented her written report. Officer Garza's testimony made clear that Appellant evaded arrest or detention in a motor vehicle, and that Appellant drove dangerously while a minor passenger was present in his vehicle. (R.R. Vol. 8, pp. 7-16).

Accordingly, the evidence presented by the State at the time of Appellant's pleas of guilty was sufficient to support the plea and the finding of guilt. Therefore, Appellant's four issues should be overruled.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that

this Court will overrule Appellant's issues on appeal, and affirm both the judgment

of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

By:  */s/ René B. González*
**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us

**Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 1,700 words (excluding the cover, table of contents and table of authorities). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ René B. González*
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's Appellate Brief was e-mailed to Mr. Larry Warner, Attorney at Law, 3109 Banyan Drive, Harlingen, Texas 78550, at Office@larrywarner.com on the 2nd day of April, 2015.

*/s/ René B. González*
René B. González