Manuel ROJAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–95–00670–CR.

Court of Appeals of Texas, Dallas.

March 17, 1997.

John D. Nation, Dallas, for Appellant.

Kimberly A. Shaefer, Assistant District Attorney, Dallas, for Appellee.

1. The docket sheet contains what appears to be a jail book-in number next to the date of May 9, 1995.

2. The document in the transcript styled "Defendant's Affidavit of Indigency" gives both dates as the date of counsel's appointment.

Before LAGARDE, WHITTINGTON and JAMES, JJ.

**OPINION**

LAGARDE, Justice.

Manuel Rojas appeals the revocation of his probation for possession of marijuana, contending that his trial counsel was not given ten days to prepare for the revocation hearing. For reasons that follow, we reform the trial court's judgment and affirm as reformed.

On April 13, 1987, Rojas was indicted for the April 9, 1987 possession of more than five but less than fifty pounds of marihuana. Pursuant to a plea bargain, Rojas pleaded guilty, received a ten-year sentence, served ninety days of his sentence, and then received shock probation for ten years. On March 3, 1994, the State filed a motion to revoke Rojas's probation, alleging that Rojas failed to report to his probation officer or pay probation fees for three months. Rojas was rearrested May 9, 1995.[1] The trial court appointed an attorney for Rojas on either May 10, 1995 or May 11, 1995.[2] On May 11, 1995, Rojas entered a plea of true to the State's motion and the court sentenced him to five years' confinement. The transcript contains a document styled "Judgment Revoking Community Supervision" dated May 11, 1995, which states that Rojas was not represented by counsel.

In a single point of error, Rojas contends that the trial court erred in revoking his probation without giving his counsel ten days to prepare. The State argues that i) rule 40(b)(1) of the rules of appellate procedure bars this appeal, ii) the scope of this appeal is limited by *Helms,* and iii) Rojas failed to rebut the presumption of regularity that Rojas's counsel had ten days to prepare for the revocation hearing. *See* TEX.R.APP.P. 40(b)(1);[3] *Helms v. State,* 484 S.W.2d 925

3. If the judgment was rendered upon the defendant's plea of guilty or nolo contendere and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea, the notice of appeal shall state that

(Tex.Crim.App.1972);[4] and *Jones v. State,* 646 S.W.2d 449, 449 (Tex.Crim.App.1983).[5]

### *Jurisdiction—Rule 40(b)(1)*

A defendant may appeal from an order deferring adjudication of guilt, and rule 40(b)(1) applies. *Watson v. State,* 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996). A defendant may appeal from a judgment adjudicating guilt and granting probation, and rule 40(b)(1) applies. *See, e.g., Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App.1992). A defendant may also appeal from a trial court's order revoking probation. *See, e.g., Corley v. State,* 782 S.W.2d 859, 860 (Tex. Crim.App.1989). *see also* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 23(b). The restrictions of rule 40(b)(1) do not apply to an appeal of a probation revocation. *See Whetstone v. State,* 786 S.W.2d 361, 363 (Tex. Crim.App.1990).[6] The restrictions of rule 40(b)(1) apply to an appeal from a "plea bargained conviction." *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). In a probation revocation, the "conviction" triggering rule 40(b)(1) occurred at an earlier point when the defendant was found guilty and granted probation. *See Manganello v. State,* 915 S.W.2d 158, 159 (Tex.App.—San Antonio, no pet. h.). Generally, an appeal from a probation revocation does not include a review of the original conviction, but is limited to the propriety of the revocation.

Furthermore, the restrictions of rule 40(b)(1) refer to a "plea of guilty or nolo contendere." *See* TEX.R.APP.P. 40(b)(1). In a probation revocation, the defendant pleads "true" or "not true," whether or not a plea bargain exists at the revocation hearing. Therefore, the restrictions of rule 40(b)(1) cannot, by their own terms, apply to a probation revocation, regardless of the existence of a second plea bargain agreement at this stage.

In this case, appellant did not appeal his original plea hearing.[7] Appellant bases his appeal on a procedural defect occurring at his probation revocation. His appeal is therefore limited to the propriety of the revocation. *See Corley,* 782 S.W.2d at 860 & n. 2. The restrictions of rule 40(b)(1) do not apply to this appeal from an order revoking regular probation. Rule 40(b)(1), therefore, does not deprive us of jurisdiction over appellant's appeal. *See Manganello,* 915 S.W.2d at 159.

The State cites *Manganello* for its argument that if the original plea bargain agreement and sentence do not require appellant to comply with rule 40(b)(1), the next question is whether a new plea bargain agreement was struck at the revocation stage to *again* trigger rule 40(b)(1).[8] However, *Manganello* does not stand for this proposition. *See id. Manganello* states, "[r]ule 40(b)(1) *is not applicable to the revocation appeal,* even if the defendant pleads true to the motion to revoke. . . ." *Id.* (emphasis added). The State's argument based on *Manganello,* therefore, lacks merit.

the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. TEX. R.APP.P. 40(b)(1).

4. A plea of guilty made voluntarily and understandingly waives all nonjurisdictional defects. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App. 1972).

5. When procedural violations do not affirmatively appear in the record, a presumption of regularity prevails. *Jones v. State,* 646 S.W.2d 449, 449 (Tex.Crim.App.1983).

6. In *Whetstone,* the court discussed the applicability of the proviso of article 44.02. This proviso is now contained in rule 40(b)(1). The Court of Criminal Appeals has held that cases applicable to the proviso of article 44.02 control in cases

involving rule 40(b)(1). *See Lyon v. State,* 872 S.W.2d 732, 735 (Tex.Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Lemmons v. State,* 818 S.W.2d 58, 62 (Tex.Crim.App.1991).

7. Appellant could have appealed from his 1987 plea hearing; however, appellant's time for direct appeal from his plea hearing expired thirty days after the trial court found him guilty in 1987, nine years ago. *See* TEX.R.APP.P. 41(b)(1); *Corley,* 782 S.W.2d at 860 (concluding that appellant, who gave notice of appeal after his probation was revoked, could not appeal his original plea hearing because the time had expired to appeal that hearing).

8. The State does not explain how rule 40(b)(1) could be "again" triggered if it had never been triggered before.

### Waiver—Helms

■ We next address the State's arguments under *Helms*. *See Helms*, 484 S.W.2d at 925. Under *Helms*, when a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects occurring prior to entry of the plea are waived. *Id.*; *Jolivet v. State*, 811 S.W.2d 706, 709 (Tex.App.—Dallas, 1991), *aff'd per curiam*, 846 S.W.2d 847 (Tex.Crim.App.1993). If, however, the complaint raised by the appellant refers to the manner of assessment of punishment that occurred after the adjudication of guilt, the appeal is not barred by the *Helms* rule. *See Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim. App.1994). Here, Rojas complains of the manner of assessment of punishment that occurred after the adjudication of guilt, imposition of sentence, incarceration, and probation. *Helms*, therefore, does not apply.

The State also relies on the El Paso Court of Appeals decision in *Watson* to contend that when a defendant enters an open plea of true to a motion to adjudicate and does not enter into a plea bargain agreement to the punishment ultimately assessed upon adjudication, the scope of appeal is limited by *Helms*. *See Watson v. State*, 884 S.W.2d 836, 837 (Tex.App.—El Paso 1994), *rev'd en banc*, 924 S.W.2d 711 (Tex.Crim.App.1996). The State's reliance on the El Paso Court of Appeals holding in *Watson* is misplaced for two reasons. First, the Court of Criminal Appeals reversed the El Paso Court of Appeals' decision. *See id.* Second, our case is distinguishable. Here, appellant did not enter an open plea of true to a motion to revoke *an order deferring adjudication of guilt*, as did the defendant in *Watson*. *See id.* Appellant entered an open plea of true to a motion to revoke *probation*. The State's reliance on *Watson*, therefore, is misplaced.

### Merits

■ Rojas contends that the trial court erred in revoking his probation without giving his counsel ten days to prepare. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(e) (Vernon Supp.1997). The State contends that a presumption of regularity prevails in proceedings in the trial court; and absent an affirmative showing of a procedural violation, this court cannot assume that Rojas did not have ten days to prepare for the adjudication hearing. *See Jones*, 646 S.W.2d at 449; *Cunningham v. State*, 815 S.W.2d 313, 315–16 (Tex.App.—Dallas 1991, no pet.). The State also argues that Rojas has the burden on appeal to show that his counsel did not have ten days to prepare and that Rojas failed to meet his burden because Rojas's point involves facts known only to Rojas and his counsel. Finally, the State argues that actual preparation time, not the time of formal appointment, determines whether a defendant has been given mandatory preparation time; and Rojas could have retained counsel well in advance of the ten-day period with the court's appointment being a mere formality. *See Marin v. State*, 891 S.W.2d 267, 270 (Tex.Crim.App.1994).

In criminal proceedings, an appointed counsel is entitled to ten days to prepare for the proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court. TEX. CODE CRIM.PROC.ANN. art. 1.051(e) (Vernon Supp.1997). When article 1.051(e) is violated, such violation constitutes error. *See Miller v. State*, 866 S.W.2d 243, 247 n. 10 (Tex. Crim.App.1993). An appellant has the burden on appeal to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). Absent a showing to the contrary in the record, we will presume the regularity of the trial court proceedings. *Jones*, 646 S.W.2d at 449; *Schneider v. State*, 594 S.W.2d 415, 418 (Tex. Crim.App.1980); *Green v. State*, 510 S.W.2d 919, 921 (Tex.Crim.App.1974).

The record of Rojas's probation revocation proceeding reflects that the court appointed Rojas an attorney either on May 10 or May 11 and then revoked probation and imposed sentence on May 11. The record does not affirmatively show that Rojas's appointed attorney had ten days to prepare. Instead, the record shows that counsel had, at most, one day to prepare. The transcript contains no properly executed written waiver of the statutory ten-day period. Nor does the statement of facts reflect a waiver in open court. The transcript contains a document styled

"Judgment Revoking Community Supervi-sion" dated May 11, 1995, which states that Rojas was not represented by counsel at all. A procedural defect affirmatively appears in the record. Rojas has rebutted the presumption of regularity by presenting a record on appeal that shows that his counsel did not have ten days to prepare. *Cf. Jones*, 646 S.W.2d at 449 (when procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity of the trial judge's ruling must prevail).

■ The State correctly contends that actual preparation time, not the time of formal appointment, determines whether a defendant has been given the mandatory preparation time. *Henson v. State*, 530 S.W.2d 584, 585 (Tex.Crim.App.1975). However, in the cases that focus on actual preparation time instead of formal appointment time, the records contained affirmative evidence that the defendant's attorney actually had ten days to prepare. *See, e.g., Roney v. State*, 632 S.W.2d 598 (Tex.Crim.App.1982) (record showed *additional* counsel appointed two days prior to trial, but record also showed original counsel participated in trial); *Guzman v. State*, 521 S.W.2d 267 (Tex.Crim.App. 1975) (record showed defendant tried within ten days of re-indictment, but record also showed counsel appointed on original, virtually identical indictment in excess of ten days before trial); *Meeks v. State*, 456 S.W.2d 938 (Tex.Crim.App.1970) (record showed counsel originally retained three months prior to trial, but court formally appointed counsel less than ten days prior to trial for payment purposes only). The record before us does not show that Rojas had counsel at least ten days in advance of the hearing but the court formally appointed the same counsel for payment purposes only.

The record in the instant case does not contain evidence that Rojas's attorney actually had ten days to prepare. Furthermore, the record contains some evidence that Rojas's attorney *did not* have ten days to prepare. We conclude based on the record before us that the trial court revoked Rojas's probation without giving his counsel ten days to prepare in violation of the code of criminal procedure. *See* Tex.Code Crim.Proc.Ann. art. 1.051(e) (Vernon Supp.1997). Such error, however, is subject to a harm analysis. *Matchett v. State*, No. 71,664, slip op. at 3, 1996 WL 638228 (Tex.Crim.App. November 6, 1996) (not yet released for publication).

### Article 1.051 Harmless Error

■ Recently, the Court of Criminal Appeals disavowed any interpretation of *Marin* that suggests that a rule 81(b)(2) harm analysis is inappropriate when an absolute legislative mandate is violated. *Matchett*, No. 71,-664, slip op. at 3, 1996 WL 638228. The court explained that *Marin* was based on the reasoning that certain types of error, by their nature, resist meaningful harm analysis and thus are categorically precluded from a harm analysis review. *Id.* at 4. The court held that *Marin* was plainly wrong insofar as it suggested that, regardless of the facts of a particular case, application of a rule 81(b)(2) harm analysis is a waste of judicial resources in whole categories of errors. *Id.* Although the nature of some legislative mandates and fundamental rights will resist creation of a record from which to meaningfully assess the effects of their violation, this resistance does not justify precluding attempts by the State to establish that, under the facts of a particular case, the error was *in fact* harmless beyond a reasonable doubt. *Id.* at 4–5. Rather than foreclosing the application of a harm analysis in whole categories of error on grounds that it is theoretically impossible to conduct a meaningful harm analysis, the court believed it would be wiser to make a case by case determination of whether *in fact* a meaningful harm analysis is possible. *Id.* at 5. The presumption that all errors are harmful along with the accompanying burden to rebut the presumption are sufficient to safeguard rights of a truly unreviewable nature. *Id.*

The question then becomes whether the record before us allows a meaningful harm analysis. In this case, we have the transcript from the entire case and the statement of facts from the probation revocation proceeding for which counsel was to have ten days to prepare. We conclude that we can conduct a

meaningful harm analysis under rule 81(b)(2). *See* TEX.R.APP.P. 81(b)(2).

The transcript contains appellant's original plea bargain showing that appellant would plead guilty, testify, receive a sentence of ten years' confinement, and be granted shock probation ninety days after imposition of sentence. Appellant personally signed the agreement, which included his certification that he read its terms. The transcript also contains appellant's signed judicial confession and the conditions of his probation. The conditions required appellant to report to his probation officer weekly and pay a probation fee monthly. The conditions also notified appellant that the court had the authority at any time during the probation period to revoke probation for any violations. The transcript contains the State's motion to revoke probation, in which the State alleged that appellant violated the conditions of his probation by not reporting to his probation officer or paying his probation fees. The transcript contains a document styled, "Plea of True and Stipulation of Evidence in Probation Revocation Hearing," in which appellant pleaded true to the motion to revoke and confessed that he violated his probation. Appellant personally signed this document. Finally, the transcript contains the judgment, in which the trial court imposed a five-year sentence.

The statement of facts from the probation revocation proceeding shows that appellant's counsel did not request a continuance or indicate in any way that he was not ready. The statement of facts also shows that appellant testified to the following: When placed on probation, he received a copy of and understood the terms and conditions of his probation. He violated his probation by not reporting to his probation officer or paying his probation fees. He received, reviewed, and discussed the State's motion to revoke with his attorney prior to the proceeding. He understood that, if he pleaded true to the State's motion to revoke, the court could revoke his probation and sentence him anywhere from two to ten years' confinement. He waived presentation of the motion and pleaded true to violating probation as the State alleged.

The State offered appellant's signed plea of true without objection from appellant. The State requested that the court take judicial notice of the contents of the court's file containing appellant's probation records, which the court did without objection from appellant. When the court asked if there were any reason in law why appellant should not be sentenced, appellant's counsel stated, "[t]here are none, Your Honor." The court then assessed punishment at five years' confinement, half of the ten-year confinement originally assessed.

More time for counsel to prepare could not 1) change the terms and conditions of appellant's probation, 2) alter the fact that appellant, by his own admission and by the court's probation records, violated the terms and conditions of his probation, or 3) affect the range within which the trial judge could impose appellant's sentence. The trial judge imposed a lesser sentence than that to which appellant agreed in his initial plea bargain and which was initially assessed by the trial court. We conclude that this record shows beyond a reasonable doubt that counsel's lack of ten days to prepare for this proceeding made no contribution to the outcome of the proceeding or to appellant's sentence.

We overrule Rojas's point of error. Because the record before us shows the judgment is in error in reflecting that Rojas was not represented by counsel at the probation revocation hearing, we reform the judgment to show that Rojas was represented by counsel at the probation revocation hearing. As reformed, we affirm the trial court's judgment.