TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00615-CR






Donald Clark, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 00-185-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 Appellant Donald Clark pleaded guilty to three counts of aggravated assault and two
counts of indecency with a child. On appeal, Clark contends that the State's notice of intent to use
extraneous offenses was inadequate and that Clark's counsel was deprived of the minimum ten-day
preparation period before a hearing on the State's motion to cumulate sentence. We will affirm the
judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND

 Clark was married to Pamela Aday, who had children by a previous marriage. On
March 10, 2000, Pamela's five-year-old daughter told Pamela that Clark made her perform oral sex
on him. Pamela called the police, and the police arrested Clark, who admitted to the police that he
had assaulted Pamela's daughter.

 Clark's appointed attorney requested notice of the extraneous offenses and bad acts
the State planned to introduce as evidence. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West
Supp. 2001). The State responded with written notice that it intended to introduce evidence
regarding Clark's use of pornography, other acts of child molestation, and a previous act of violence. 
As Clark pleaded guilty to aggravated assault and indecency with a child, a jury trial was held only
on the issue of punishment. The jury assessed punishment at eighty-five years in prison for Count
One, seventy-five years for Count Two, seventy-five years for Count Three, twenty years for Count
Four, and ten years for Count Five. The trial court conducted a hearing on the State's motion to
cumulate Clark's sentence and ruled that the sentences for Counts One and Five would run
consecutively, and the other sentences would run concurrently with Count One. 

 Clark appeals the judgment of the trial court on two issues. First, Clark complains
that the State failed to comply with the notice requirements of Texas Code of Criminal Procedure
article 37.07, section 3(g). See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2001). 
Second, Clark complains that his appointed counsel was not given ten days to prepare for the hearing
on the State's motion to cumulate sentence as required by Texas Code of Criminal Procedure article
1.051(e). See Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 2001).


DISCUSSION


 In his first issue, Clark contends that the State's notice of its intent to use extraneous
offenses and bad acts did not comply with the requisites of article 37.07, section 3(g) of the Texas
Code of Criminal Procedure, which states:


On timely request of the defendant, notice of intent to introduce evidence under this
article shall be given in the same manner required by Rule 404(b), Texas Rules of
Criminal Evidence. (1) If the attorney representing the state intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of
record or a probated or suspended sentence, notice of that intent is reasonable only
if the notice includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad act. The
requirement under this subsection that the attorney representing the state give notice
applies only if the defendant makes a timely request to the attorney representing the
state for the notice.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2001). Clark specifically complains that
the State's notice failed to describe with the particularity required by article 37.07, section 3(g)
several of the bad acts and extraneous offenses it introduced at trial. The State's notice, which is
contained in the record, lists nine bad acts and extraneous offenses that it intended to use at the
punishment trial. (2) Clark contends that the notice was inadequate because only two of the nine bad
acts contain dates and none contains the county in which the act occurred. Although he did not raise
the inadequacy of the notice at or before trial, Clark cites Washington v. State for the proposition that
a defendant's timely request for notice is sufficient to require the State's compliance with article
37.07, section 3(g). 943 S.W.2d 501, 504 (Tex. App.--Fort Worth 1997, pet. ref'd). The State
responds by arguing that Clark has failed to preserve error on this issue.

 The record reveals that Clark made no objections regarding inadequate notice during
the testimony of the State's witnesses or during the State's cross-examination of defense witnesses. 

The State introduced evidence of bad acts during the testimony of Pamela Aday and Detective
Garrett. Our review of the record reveals only that Clark made a hearsay objection during Pamela
Aday's testimony and an objection on the ground of relevance during Detective Garrett's testimony.

 Clark is correct in asserting that a timely request from the defendant to the State 
requires the State's compliance with article 37.07, section 3(g). See Washington, 943 S.W.2d at 504. 
In Washington, the defendant requested notice pursuant to article 37.07, section 3(g); the State,
however, "never notified Washington that it intended to offer evidence of extraneous bad acts at
punishment." Id. at 503. Nonetheless, the trial court allowed the State to introduce the evidence in
its rebuttal. Id. at 502. The appellate court rejected the State's argument that Washington had
waived error because he did not request a continuance. Id. at 504. The court stated: "Both article
37.07, section 3(g) and rule 404(b) require only a request from the defendant addressed to the State. 
They do not require a court ruling on that request." Id. In Washington, however, the State wholly
failed to respond to Washington's request for notice despite the mandatory language of article 37.07,
section 3(g). In that instance, the court held, article 37.07, section 3(g) does not require a defendant
to request a continuance to preserve error; it does require, however, that a defendant make an
objection. See id.

 For Clark to have preserved error, he must have made a timely and specific objection
at trial. See id. In addition, "[i]t is well settled that a point of error on appeal must comport to the
objection voiced at trial." Angelo v. State, 977 S.W.2d 169, 177 (Tex. App.--Austin 1998, pet.
ref'd). As noted above, at trial, Clark objected on hearsay and relevance grounds to some of the
evidence that he challenges as inadequately described in the State's notice. He never challenged the
inadequacy of the notice. We hold that Clark failed to preserve error on this issue and therefore
overrule his first issue.

 Clark contends in his second issue that his appointed counsel did not receive the
requisite time to prepare for the hearing on the State's motion to cumulate sentence. Clark refers to
a ten-day provision that is included in article 1.051 of the Texas Code of Criminal Procedure. 
Article 1.051 governs an indigent defendant's right to have the trial court appoint counsel to
represent him in any adversary judicial proceeding that may result in punishment by confinement. 
Clark relies on subsection (e) of the article, which states that "an appointed counsel is entitled to 10
days to prepare for a proceeding but may waive the preparation time with the consent of the
defendant in writing or on the record in open court." Tex. Code Crim. Proc. Ann. art. 1051(e) (West
Supp. 2001). The State responds by arguing that Clark failed to preserve error on this issue (3) and that
the trial court properly cumulated the sentences.

 Clark correctly notes that the purpose of article 1.051(e) is to provide appointed
counsel a reasonable amount of time to prepare a defense for trial. Ashcraft v. State, 900 S.W.2d
817, 829 (Tex. App.--Corpus Christi 1995, pet. ref'd). Clark fails to realize, however, that article
1.051(e) does not afford a defendant's attorney, merely because he or she is appointed, a ten-day
preparation period before every proceeding. The case law makes clear that the only relevant time
period for purposes of the ten-day requirement is the period between the initial appointment of
counsel and the proceeding at issue. See id. (discussing whether trial court violated article 1.051(e)
where initially retained attorney, who sought to withdraw when appellant could no longer pay for
legal services, was appointed within ten days of trial); Marin v. State, 891 S.W.2d 267, 268-69 (Tex.
Crim. App. 1994), overruled on other grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App.
1997) (discussing whether an appointed attorney who replaced the first appointed attorney six days
prior to trial is entitled to the ten-day preparation time); Rojas v. State, 943 S.W.2d 507 (Tex.
App.--Dallas 1997, no pet.) (discussing whether a violation of article 1.051(e) occurred where the
trial court appointed counsel on May 10th or 11th and then revoked the appellant's petition and
imposed sentence on May 11th). 

 Clark's counsel was appointed on March 14, 2000. On August 8, 2000, Clark pleaded
guilty to five counts of aggravated assault and indecency with a child, and the trial on punishment 
began that day. Formal sentencing was held on August 9, 2000, and the hearing on whether to
cumulate occurred the same day. As over four-and-a-half months elapsed between the time of
appointment of Clark's counsel and the hearing on the motion to cumulate sentence, article 1.051(e)
has no application to Clark. Therefore, we overrule his second point of error.


CONCLUSION

 We conclude that Clark failed to preserve error regarding his complaint of improper
notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We also hold that
Clark has failed to allege a violation of article 1.051(e) of the same code. The judgment of the trial
court is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear 

Affirmed

Filed: October 4, 2001

Do Not Publish

1. Rule 404(b) of the Texas Rules of Criminal Evidence governs the guilt or innocence stage of
trial and states


Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a
person in order to show action in conformity therewith. It may, however, be admissible
for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, provided that upon timely request
by the accused in a criminal case, reasonable notice is given in advance of trial of intent
to introduce in the State's case-in-chief such evidence other than that arising in the same
transaction.


Tex. R. Evid. 404(b).
2. Additionally, the State listed an offense for which Clark received a deferred adjudication of ten
years. Clark does not argue that the notice is inadequate regarding this extraneous offense. 
3. An issue can not be raised for the first time on appeal. Carrizales v. Texas Dept. of Protective
& Regulatory Servs, 5 S.W.3d 922, 925 (Tex. App.
--Austin 1999, pet. denied). If a defendant does
not waive his right to the ten-day period provided in article 1.051(e), however, he may raise the
court's failure to comply with it for the first time on appeal. Ashcraft v. State, 900 S.W.2d. 817, 829
(Tex. App.--Corpus Christi 1995, pet. ref'd).