11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Marcus Lee Rocha

Appellant

Vs.                   No.  11-00-00291-CR C Appeal from Scurry County

State of Texas

Appellee

 

This is an appeal from an order revoking
appellant=s community supervision.  Appellant was originally convicted by a jury
of aggravated assault and punishment was assessed at five years
confinement.  The imposition of
punishment was suspended, and appellant was placed on community supervision for
five years.  The State filed a motion to
revoke appellant=s community supervision on January 6, 2000,
alleging that appellant violated four conditions of his community
supervision.  On March 13, 2000, the
trial court entered an order amending the terms of appellant=s community supervision.  In the amended terms, the trial court
ordered appellant to Aenter
and participate in the Community Supervision and Corrections Jail Work Program
(Orange Crew) for a period of FOUR (4) months.@  The order stated that
appellant was required to follow the rules of the work program and of the
Scurry County Jail.  On June 29, 2000,
the State filed a motion to revoke appellant=s community supervision, alleging that appellant failed to comply with
the terms and conditions of his community supervision that he not commit an
offense against the laws of the State and that he participate in the work
program for four months. After a hearing on the motion, the trial court found
that appellant had violated the terms and conditions of his community
supervision, revoked appellant=s community supervision, and sentenced appellant to five years
confinement.  We affirm.

In his first issue on appeal, appellant
contends that the State failed to prove by a preponderance of the evidence that
he violated the terms and conditions of his community supervision.  The trial court found that appellant
violated the terms of his community supervision in that he:








[D]id fail to obey the laws of the State of
Texas and by causing bodily injury to Toby Zamora by hitting him in the mouth
with his fist; [appellant] did fail to complete a period of Four (4) months in
the Community Supervision and Corrections Jail Work Program, by being
negatively terminated from the program; [appellant] did fail to obey the rules
of the Scurry County Jail by fighting. 

 

In a community supervision revocation
hearing, the State has the burden of proving by a preponderance of the evidence
that a condition of community supervision has been violated.  Jenkins v. State, 740 S.W.2d 435
(Tex.Cr.App.1983).  The trial court is
the trier of fact, and it determines the weight and credibility of the
testimony.  Garrett v. State, 619 S.W.2d
172 (Tex.Cr.App.1981).  Appellate review
of an order revoking community supervision is limited to the issue of whether
the trial court abused its discretion. 
Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979).  Proof of one alleged violation is sufficient
to support an order revoking community supervision.  McDonald v. State, 608 S.W.2d 192 (Tex.Cr.App.1980); Taylor v.
State, 604 S.W.2d 175 (Tex.Cr.App.1980).

At the hearing on the motion to revoke
community supervision, David Tate, the Work Program Coordinator for the Adult
Probation Office, testified that on May 9, 2000, he was supervising appellant,
Adam Viscano, and Toby Zamora as they were filling a hole with dirt after a
water leak had been repaired.  Tate
stated that they were hauling some dirt off and that, as Zamora returned to the
area, he and appellant were Amouthing@ at each other.  Tate said that he then looked up and saw appellant hit Zamora in
the mouth.  Tate grabbed Zamora and
pulled him away and then took appellant into the jail and placed him in the Aholding tank.@ 

Tate further testified that appellant was
terminated from the work program and placed Aback into population.@  Tate stated that, at the time
of the incident, the work program followed the Scurry County Jail Rules and
that appellant received a copy of those rules at the time he was booked into
the jail.  Tate stated that it was a
violation of the Scurry County Jail Rules to fight. 

Zamora testified that on May 9, 2000,  he was an inmate at the Scurry County Jail
as part of the work program.  Zamora
testified that, on that day while they were working at the jail, appellant Asucker-punched@ him.  








Appellant testified at the hearing that, on
the day of the incident, he was shoveling dirt into a wheelbarrow and Zamora
was hauling it off.  Appellant stated
that Tate told them they could go in early if they finished their work
early.  Appellant told Zamora to Ahurry up,@ and Zamora grabbed appellant=s shovel out of his hand giving appellant a blister.  Appellant stated that he hit Zamora and that
it Awas like a reaction.@ 
Appellant further testified that he did not receive a rule book from the
Scurry County Jail until two weeks before the revocation hearing.  

Appellant contends that the State failed to
prove by a preponderance of the evidence Athe absence of an accidental act@ when he hit Zamora, appellant=s negative termination from the work program, and his failure to comply
with the jail rules. The trial court heard evidence that appellant
intentionally and knowingly hit Zamora in the mouth.  Tate testified that, as a result of appellant fighting with
Zamora, he was negatively terminated from the work program.  The trial court also heard evidence that
appellant received a copy of the jail rules when he was booked into the jail
and that fighting was a violation of those rules.  Appellant has not shown that the trial court abused its
discretion in revoking his community supervision.  Appellant=s first issue on appeal is overruled. 


In his second issue on appeal, appellant
complains that the trial court erred in refusing to allow his court-appointed
counsel ten days to prepare for the hearing, citing TEX. CODE CRIM. PRO. ANN.
art. 1.051(e) (Vernon Supp. 2001) as authority.  The record shows that, on the day of the hearing, appellant=s attorney, Lealand Greene, appeared and
stated that he had received notice of the hearing two days before and that that
is why he appeared but that he had not been employed to represent
appellant.  Greene stated that he had
talked to appellant on two or three occasions and told appellant his fee but that
appellant had not been able to pay him to appear on his behalf. 

The trial court informed Greene that
appellant had indicated at an earlier docket call that he had employed Greene
to represent him.  The trial court
attempted to appoint an attorney for appellant, but he insisted that Greene had
been hired to represent him.  The
prosecutor stated that she had notified Greene of the hearing and that, when
she was not told otherwise, she assumed Greene was representing appellant.  The prosecutor stated that she had seven
witnesses prepared to testify at the hearing. 

The trial court then appointed Greene to
represent appellant.  Greene requested
ten days to prepare for the hearing and indicated that he had not reviewed the
motion to revoke.  The trial court
overruled appellant=s
objection and proceeded with the revocation hearing. 








Article 1.051(e) states that an appointed
counsel Ais entitled to 10 days to prepare for a
proceeding.@ 
However, TEX. CODE CRIM. PRO. ANN. art. 42.12 (Vernon Supp. 2001)
governs community supervision and revocation procedures.  Article 42.12, section 21(d) provides that a
defendant has a right to counsel at a revocation hearing.  Article 42.12, section 21(d) does not
require that counsel at a revocation hearing be provided ten days to prepare
for the hearing.  The Court of Criminal
Appeals has held that, absent a showing of harm,  nothing in Article 42.12 requires ten days of preparation for a
revocation hearing.  Detrich v. State,
545 S.W.2d 835 (Tex.Cr.App.1977); Hill v. State, 480 S.W.2d 200 (Tex.Cr.App.1971),
cert. den=d,  409
U.S. 1078 (1972); see and compare Rojas v. State, 943 S.W.2d 507 (Tex.App. -
Dallas 1997, no pet=n).

Appellant admitted at the revocation hearing
that he hit Zamora.  The record shows
that, as a result of his actions, appellant was terminated from the work
program, a violation of the terms and conditions of his community
supervision.  Appellant has not shown
that he was harmed by his counsel not having ten days to prepare for the
hearing.  Appellant=s second issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

November 15, 2001  

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.