In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00091-CR


______________________________




ROBERT SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 00-F-0086-005




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Robert Smith has filed an appeal from the revocation of his community supervision
and the assessment and imposition of five years' imprisonment as punishment for the
offense of felony driving while intoxicated (D.W.I.). The court originally found Smith guilty
pursuant to his open plea, suspended the imposition of sentence, and placed Smith on ten
years' community supervision beginning June 14, 2000. The court also assessed a
$1,000.00 fine. The State filed a motion to revoke January 19, 2001. After a hearing at
which Smith pled guilty or true to the State's allegations, the trial court found he had
violated the terms of his community supervision and sentenced Smith to five years'
imprisonment.

 Appointed counsel filed a brief January 14, 2002, stating the appeal was frivolous
and has accordingly also filed a motion to withdraw. Counsel sent Smith a copy of the brief
and advised him by letter that she believes there are no arguable contentions of error and
informed Smith of his right to review the record and file a brief pro se. 

 Pursuant to a request by counsel, we granted Smith until February 22, 2002, to file
a response pro se. Smith thereafter filed two motions to extend time to file a response,
which we granted. Smith filed his response May 8, 2002. The State filed a responsive
brief September 20, 2002.

 Counsel has filed a brief which discusses the record and reviews pretrial, trial, and
punishment proceedings in detail. Counsel has thus provided a professional evaluation
of the record demonstrating why, in effect, there are no arguable grounds to be advanced,
as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); see
also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel
concluded from her review of the record there is no arguable point of error to support the
appeal. 

 We have also reviewed the response filed by Smith. In that document, he raises
several arguments in which he complains his D.W.I. conviction should not have been
treated as a felony. This argument cannot be raised in an appeal from the revocation. Any
complaint about the underlying conviction cannot be raised in an appeal from a revocation
proceeding. Rojas v. State, 943 S.W.2d 507, 509 (Tex. App.-Dallas 1997, no pet.); see
Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998).

 Smith also contends his counsel was ineffective because he failed to properly
represent him at the underlying guilty plea, pursuant to Strickland v. Washington, 466 U.S.
668 (1984). Specifically, he complains counsel allowed the State to use a conviction from
another state to enhance his conviction in this case. Again, this is a complaint about the
underlying plea of guilty. It does not attack the revocation proceeding. Accordingly, we
have no authority to consider that issue in this appeal. See Rojas, 943 S.W.2d at 509; see
also Feagin, 967 S.W.2d at 419. (1)

 We have reviewed the record and agree with counsel that there are no arguable
grounds of error in this case.

 We affirm the judgment of the trial court.


 Donald R. Ross

 Justice


Date Submitted: October 11, 2002

Date Decided: October 18, 2002


Do Not Publish



1. Further, when direct appeal does not provide an adequate record to evaluate a
claim of ineffective assistance of counsel, the claim is properly raised through habeas
corpus. Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).


f Criminal Procedure, but
otherwise considered civil causes of action. See McCarroll v. Tex. Dep't of Pub. Safety, 86 S.W.3d
376, 378 (Tex. App.--Fort Worth 2002, no pet.); Tex. Dep't of Pub. Safety v. Katopodis, 886 S.W.2d
455, 457 (Tex. App.--Houston [1st Dist.] 1994, no writ). Because they are primarily civil,
expunction proceedings are subject to the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 2
("These rules shall govern the procedure . . . in all actions of a civil nature . . . ."). Our Rules of Civil
Procedure authorize the filing of motions for summary judgment in civil cases. See Tex. R. Civ. P.
166a. A trial court may grant a motion for summary judgment, without the consideration of live
testimony, if the pleadings and evidence before the court "show . . . there is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of law on the issues
expressly set out in the motion . . . ." Tex. R. Civ. P. 166a(c).

 In this case, the trial court granted the State's motion for summary judgment on the issue that
Staner was, as a matter of law, not entitled to have the arrest at issue expunged from his criminal
arrest record. As our Rules of Civil Procedure specifically allow the trial court to consider a motion
for summary judgment in a civil case, and as the rules do not specifically prohibit summary judgment
motions in expunction proceedings, we cannot conclude the trial court erred by considering the
State's motion for summary judgment.

 Additionally, the Tenth Court of Appeals has held a trial court may rule on an expunction
petition without conducting a formal hearing and without the consideration of live testimony. 
Ex parte Current, 877 S.W.2d 833, 839-40 (Tex. App.--Waco 1994, no writ). We see no reason
to disagree with the Tenth court's conclusion, especially when an expunction petition may typically
be disposed of on the basis of the parties' pleadings (such as when the State does not contest the
expunction). When such is the case, summary judgment is usually the most expedient vehicle for
resolving the case. Accordingly, we cannot say the trial court erred by considering the State's motion
for summary judgment without first bench warranting Staner from prison for the purpose of a live
hearing when the trial court was able to determine the issues before it solely based on the pleadings
and evidence already in the record. (2)

 We overrule each of Staner's points of error and affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: November 17, 2006

Date Decided: January 5, 2007
1. See generally Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2006). 
2. Staner also complains he did not have a chance to controvert the State's motion for summary
judgment. The appellate record refutes such an assertion. A motion for summary judgment, along
with its supporting evidence, must be on file for at least twenty-one days before the trial court may
rule on the motion's merits.  Tex. R. Civ. P. 166a(c). The State filed its motion for summary
judgment June 30, 2006. The trial court did not grant summary judgment until August 1, 2006. 
Staner had the entire month of July to file a response and controverting evidence, but he failed to do
so. The trial court will not be faulted for not considering evidence when Staner did not offer any.