**Reversed, Remanded, and Opinion Filed April 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00664-CR

### LAPORSHA ANN WILLIAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-75329**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Partida-Kipness

Appellant Laporsha Ann Williams appeals the trial court's judgment revoking her probation. For the reasons that follow, we reverse the judgment revoking community supervision and remand for further proceedings.

## BACKGROUND

In 2016, the State indicted Williams on a charge of making a false statement to get property, which is a state jail felony. The State alleged Williams provided false documents to purchase a motor vehicle. On January 4, 2017, Williams pleaded guilty to the charge pursuant to a plea bargain agreement for two years in the state jail

probated for four years and a probated fine. The trial court accepted the plea, found Williams guilty as indicted, and set the punishment according to the plea bargain agreement.

In August 2017, the State filed a motion to revoke Williams' probation or proceed with adjudication of guilt. In the motion, the State alleged that Williams did not report to the community supervision office as directed for the months of May 2017 through August 2017 and had not paid certain court-ordered costs, fines, and fees. On April 29, 2019, Williams was arrested and taken into custody for violating her probation. On May 1, 2019, the trial court appointed counsel to represent Williams in the revocation proceeding. Attorney Jens Bakker accepted the appointment at 11:00 a.m. on May 1, 2019. The State served Williams with the motion to revoke on May 2, 2019.

On May 2, 2019, Williams appeared before the magistrate judge along with her appointed counsel. Williams maintains that, before the hearing before the magistrate, she had negotiated a plea agreement for one year confinement in the state jail. Although the Clerk's Record on appeal includes a "Plea Agreement (Motion to Revoke or Adjudicate)" file-stamped May 2, 2019, the "Agreed sentence" and "Defendant's Judicial Confession and Stipulation of Evidence" sections are crossed out, and the later section is also marked "N/A." On appeal, the State describes the May 2 hearing as the "attempted plea hearing" and states that Williams and her counsel appeared before the magistrate on May 2, 2019 "to enter a negotiated plea

of true to the violations alleged in the State's motion." Things did not go as planned, however. At the beginning of the May 2 hearing, the magistrate judge asked Williams whether she had received a copy of the State's motion and gone over it with her attorney. Williams told the court that she received a copy of the motion but had not discussed the motion with her attorney. She stated that when she met her appointed attorney, he introduced himself, told her the State was offering her a one-year sentence, and said he could see she was holding the motion:

```
        THE COURT:  Ms. Williams, he would not be
able to talk to you about your case without going over the
conditions with you -- not conditions but the allegations of
your violations.

        He didn't do that?

        THE DEFENDANT:  When I first met him he told
me his name and he told me that they're offering me one year
state jail, and he said, I see that you got the motions in
your hand.  That's what he said.  He didn't even go over
with me with nothing.
```

The magistrate judge then went off the record and adjourned the proceeding.

On May 6, 2019, Williams appeared with her appointed counsel before the district court judge for the revocation hearing and entered a plea of not true. Officer Chastity Bonner, a probation officer for the 265th District Court of Dallas County, testified for the State. Officer Bonner testified to Williams' prior offenses, prior probations, and Williams' probation in this case. Officer Bonner told the court that Williams reported to her as required in April 2017, which was the first required

–3–

report date, and Officer Bonner provided Williams with reporting instructions at that time. Then, in May 2017, Williams' probation officer received a phone call saying Williams was checking herself into an inpatient mental health treatment facility. Williams did not report as directed for the months of May 2017 through August 2017 and remained delinquent on payments for various court costs and fees. According to Officer Bonner, the probation officer tried over a sixty-day to ninety-day period to obtain documentation from Williams' mother concerning Williams' whereabouts but did not obtain any such documentation.

Williams testified at the revocation hearing that she entered the "mental institute" after her conviction in this case because her daughter had been raped and Williams attempted to commit suicide multiple times. Williams testified that she was released "like, maybe five months ago."

The trial court found the allegations in the State's motion true and assessed punishment at two years' confinement in the state jail division. This sentence included an additional year of confinement beyond the sentence negotiated before the May 2 hearing. The trial court entered judgment on May 6, 2019, certified Williams' right to appeal, and this appeal followed.

## ANALYSIS

Williams raises six issues on appeal. First, Williams contends the trial court violated article 1.051(e) of the Texas Code of Criminal Procedure by revoking her probation without giving defense counsel ten days to prepare. Second, Williams

–4–

argues the two-year sentence violates the objectives of the system of prohibitions, penalties, and correctional measures in the Texas Penal Code. Finally, she seeks four reformations to the judgment. For the reasons that follow, we sustain Williams' first issue. Because our decision on that issue is dispositive, we address that issue first and need not address her remaining issues. *See State v. Miles*, 101 S.W.3d 180, 181 (Tex. App.—Dallas 2003, no pet.).

In her first issue, Williams argues that the trial court erred in conducting the hearing on the State's motion to revoke because her appointed counsel did not have ten days to prepare for the proceeding. Williams contends the lack of preparation time was prejudicial because giving counsel the required time to prepare would have likely led to a lighter sentence. Specifically, more preparation time would have allowed counsel to obtain documentary proof to corroborate Williams' testimony that she was in an inpatient mental health institute during the four months the State alleged she failed to report to her probation officer. Further, Williams argued extra preparation time would have given counsel an opportunity to continue to negotiate the plea agreement for one year confinement in the state jail that the State was willing to offer before trial.

## A. Violation of article 1.051(e)

Texas Code of Criminal Procedure art. 1.051 provides that an appointed counsel is entitled to ten days to prepare for a proceeding. TEX. CODE CRIM. PROC. art. 1.051(e). The ten-day preparation time is a mandatory provision that may be

waived only with written consent or on the record in open court. *Id.* If a defendant does not waive her right to the ten-day period, she may raise the failure to comply with art. 1.051(e) for the first time on appeal. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (citing *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)). "When article 1.051(e) is violated, such violation constitutes error." *Rojas v. State*, 943 S.W.2d 507, 510 (Tex. App.—Dallas 1997, no pet.) (citing *Miller v. State*, 866 S.W.2d 243, 247 n. 10 (Tex. Crim. App. 1993)).

Here, it is undisputed that the trial court erred by proceeding on the State's motion to revoke without providing defense counsel ten days to prepare and without an express waiver of the statutory preparation period. The court appointed Bakker as counsel for Williams on Wednesday, May 1, 2019, the State served Williams with the motion to revoke on Thursday, May 2, 2019, and the revocation proceeding occurred on Monday, May 6, 2019. This gave counsel four days between the time of service and the hearing to prepare a defense, two of which were weekend days. There is no written waiver of the ten-day preparation period in the record, and the transcript of the hearing does not reflect Williams' consent in open court to any such waiver.

We conclude based on the record before us that the trial court violated article 1.051(e) by revoking Williams' probation without giving her counsel ten days to prepare for the hearing on the State's motion to revoke. *See* TEX. CODE CRIM. PROC.

art. 1.051(e); *Rojas v. State*, 943 S.W.2d 507, 511 (Tex. App.—Dallas 1997, no pet.). We must now turn to whether Williams suffered any harm.

**B.    The error affected Williams' substantial rights**

Error regarding the ten-day preparation time set out in article 1.051 is subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Matchett v. State*, 941 S.W.2d 922, 927–29 (Tex. Crim. App. 1996); *Rojas*, 943 S.W.2d at 511. When applying rule 44.2(b), we disregard the error unless it affected appellant's substantial rights. TEX. R. APP. P. 44.2 (b); *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

A substantial right is affected if: "(1) the error had a 'substantial and injurious' effect or influence in determining the jury's verdict or (2) leaves one in grave doubt whether it had such an effect." *Sauceda v. State*, 162 S.W.3d 591, 597 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (quoting *Davis v. State*, 22 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2000, no pet.)); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) ("A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.") (citing *Kotteakos v. U.S.*, 328 U.S. 750, 776 (1946)). Substantial rights are not affected "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Johnson v. State*, 967 S.W.2d

410, 417 (Tex. Crim. App. 1998) (if the error had no influence or only a slight influence on the verdict, it is harmless).

However, if we harbor "grave doubts" that the error did not affect the outcome, we must treat the error as if it did affect the outcome. *Delapaz v. State*, 228 S.W.3d 183, 202 (Tex. App.—Dallas 2007, pet. ref'd) (citing *Webb v. State*, 36 S.W.3d 164, 182 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Callahan v. State*, No. 05-07-00780-CR, 2008 WL 2190986, at *4 (Tex. App.—Dallas May 28, 2008, no pet.) (not designated for publication); *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995) ("[T]he uncertain judge should treat the error, not as if it were harmless, but as if it affected the verdict (i.e., as if it had a "substantial and injurious effect or influence in determining the jury's verdict")). In *O'Neal*, the U.S. Supreme Court defined "grave doubts" to mean "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.*; *Webb*, 36 S.W.3d at 182–83 (quoting *O'Neal*). In determining harm, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla*, 78 S.W.3d at 355; *Delapaz v. State*, 228 S.W.3d 183, 202 (Tex. App.—Dallas 2007, pet. ref'd).

We have grave doubts that the lack of ten days to prepare did not affect the outcome in this case. We are specifically concerned that defense counsel's lack of

the required preparation time directly contributed to the trial court ordering the maximum, two-year sentence. The record shows that Williams reported to her probation officer as required in April 2017, Williams testified she checked herself into an inpatient mental health facility after her initial probation check-in, and Officer Bonner confirmed in her testimony that Williams' probation officer was notified in May 2017 that Williams was checking herself into an inpatient mental health treatment facility. The State's only witness testified that Williams did not report to her probation officer for the months of May 2017 through August 2017, and, although her probation officer tried over a sixty-day to ninety-day period to obtain documentation from Williams' mother concerning Williams' whereabouts, the State did not obtain any such documentation. The State's witness also testified that Williams remained delinquent on payments for various court costs and fees but did not provide the district court with any documentation confirming that testimony.

To either effectively negotiate a plea deal or successfully defend against the State's allegations at the hearing, defense counsel needed to gather much of the same information about Williams' whereabouts beginning in May 2017 as the State sought unsuccessfully before filing the motion to revoke. But defense counsel was expected to gather that information over two business days and two weekend days, whereas the State had months to gather the same information and purportedly came up empty handed. This placed defense counsel behind from the start and made it nearly impossible for him to obtain evidentiary support for an adequate defense by the

revocation hearing. The ten-day preparation period would have provided Williams' counsel a minimally–acceptable amount of time to obtain records from the inpatient mental health facility where Williams was hospitalized to show her length of stay, discharge dates, mental state, and prognosis. That preparation time would also have provided Williams time to locate and interview potential witnesses and prepare Williams for the hearing. Without sufficient preparation time, defense counsel presented no documentary evidence at the hearing, did not cross-examine the State's one witness, and presented only Williams in the defense's case. The lack of ten days to prepare for the hearing on the State's motion to revoke affected Appellant's substantial rights because it contributed to defense counsel's failure to adequately prepare to rebut the State's motion to revoke. This is particularly egregious in light of Williams' testimony that she had only recently been discharged from a mental health facility following multiple suicide attempts, facts that would not usually make trial preparation a quick or easy endeavor.

Moreover, the truncated timeframe between appointment and adjudication appears to have negatively impacted efforts to finalize a plea agreement. The record shows that the State offered Williams a negotiated plea of one-year in the state jail before the parties appeared before the magistrate judge on May 2. Although a signed plea agreement appears in the record, it was not presented to the magistrate judge or the district court judge, and the record is silent as to why. In revoking Williams' sentence, however, the district court judge doubled the negotiated sentence to two

years, which is the maximum term of confinement for a state jail felony. This Court has grave doubts whether the two year sentence would have been imposed had defense counsel been given the required ten days to prepare for the hearing.

Under this record, we conclude defense counsel's lack of ten days to prepare directly contributed to Williams' maximum two-year sentence. Consequently, the failure to give defense counsel ten days to prepare in violation of article 1.051(e) harmed Williams and requires reversal. *See* TEX. R. APP. P. P. 44.2(b).

## CONCLUSION

After reviewing the entire record, we are left with grave doubt over whether the error affected the outcome. Therefore, we resolve the first issue in Williams' favor. Because of our disposition of this issue, we need not reach Williams' remaining issues. We reverse the May 6, 2019 judgment revoking community supervision and remand this case to the trial court for further proceedings.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190664F.U05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LAPORSHA ANN WILLIAMS,
Appellant

No. 05-19-00664-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-75329.
Opinion delivered by Justice Partida-
Kipness. Justices Nowell and Evans
participating.

Based on the Court's opinion of this date, the judgment revoking community supervision of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 24th day of April, 2020.