

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00154-CR

_____

MIGUEL ANGEL HERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR02285

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

After a revocation proceeding, Miguel Angel Hernandez was adjudicated guilty of delivery of four grams or more but less than two hundred grams of a controlled substance in penalty group one, methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Supp.). Hernandez was sentenced to ninety-nine years' incarceration. On appeal, Hernandez argues that his counsel was not afforded the ten-day trial preparation period as required by Article 1.051(e) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (Supp.). Because we find that the failure to allow counsel ten days to prepare for the revocation hearing was harmless, we affirm the judgment of the trial court.

## I. Background

Hernandez was indicted for delivery of a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams by actual transfer to a confidential informant. In April 2016, Hernandez reached a plea agreement with the State, wherein he pled guilty and was placed on deferred adjudication for a period of ten years and assessed a fine of $2,500.00, plus court costs and restitution. In April 2019, the State moved to proceed with adjudication, alleging that Hernandez violated the terms of his community supervision by being indicted for conspiracy to distribute and possession with intent to distribute methamphetamine, and being indicted for knowingly and intentionally distributing and possessing with intent to distribute five grams or more of methamphetamine on two different dates.

At the hearing on the motion to adjudicate, Hernandez pled true to the first allegation and not true to allegations two and three. At the conclusion of the hearing, the trial court found all three allegations to be true, adjudicated Hernandez guilty, and sentenced him to ninety-nine years' incarceration. This appeal followed.

## II. Ten-Day Trial Preparation

By his sole issue on appeal, Hernandez argues that the trial court failed to allow his counsel a ten-day trial preparation period as required by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e). The Texas Code of Criminal Procedure provides, "An appointed counsel is entitled to 10 days to prepare for a proceeding . . . ." *Id.* The ten-day preparation time is a mandatory provision that may be waived only with the defendant's written consent or on the record in open court. *Id.* Because Hernandez did not waive his right to the ten-day period, he may raise the failure to comply with Article 1.051(e) for the first time on appeal. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (plurality op.); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993); *Ponce v. State*, 89 S.W.3d 110, 115 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

The purpose of Article 1.051(e) is to provide appointed counsel a reasonable amount of time to prepare a defense for trial. *Ashcraft v. State*, 900 S.W.2d 817, 829 (Tex. App.—Corpus Christi–Edinburg 1995, pets. ref'd). "A violation of [A]rticle 1.051(e) constitutes error." *Rivera v. State*, 123 S.W.3d 21, 32 (Tex. App.—Houston [1st Dist.] 2003, pets. ref'd) (citing *Rojas v. State*, 943 S.W.2d 507, 510 (Tex. App.—Dallas 1997, no pet.)). If error is found, we must proceed to a harm analysis. *Id.* (citing *Matchett v. State*, 941 S.W.2d 922, 928–29 (Tex. Crim.

App. 1996) (plurality op.)). Error regarding the ten-day preparation time set out in Article 1.051 is subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Matchett v. State*, 941 S.W.2d 922, 928–29 (Tex. Crim. App. 1996) (plurality op.); *Rojas v. State*, 943 S.W.2d 507, 510 (Tex. App.—Dallas 1997, no pet.). When applying Rule 44.2(b), we disregard the error unless it affected Hernandez's substantial rights. *See* TEX. R. APP. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

"A substantial right is affected if: '(1) the error had a "substantial and injurious" effect or influence in determining the jury's verdict or (2) leaves one in grave doubt whether it had such an effect.'" *Sauceda v. State*, 162 S.W.3d 591, 597 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (op. on remand) (quoting *Davis v. State*, 22 S.W.3d 8, 12 (Tex. App.—Houston [14th Dist.] 2000, no pet.)); *see King*, 953 S.W.2d at 271 ("A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946))). Substantial rights are not affected "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (if the error had no influence or only a slight influence on the verdict, it is harmless)).

Here, Hernandez's counsel was appointed nine days before the State's motion to adjudicate was heard. Because Hernandez did not waive the mandatory ten-day preparation provision, we find error. The error, however, was harmless. *See id.* In his appellate brief,

4

Hernandez argues that counsel was "not provided with adequate time to request additional information from the State or to prepare any mitigation evidence." Hernandez's counsel announced ready and did not request a continuance, indicating there was no need for additional time to prepare. *See Rojas*, 943 S.W.2d at 512 (statement of facts from community supervision revocation hearing showed "appellant's counsel did not request a continuance or indicate in any way that he was not ready"). At the hearing, the trial court heard from Hernandez's community supervision officer that the allegations against Hernandez relating to three federal indictments occurred while Hernandez was on active community supervision. Josh Vera, a special agent in the Criminal Investigation Division for the Texas Department of Public Safety, testified that Hernandez was a "pretty good sized distributor of narcotics in the area," "distributing upwards of . . . a pound [of methamphetamine] every couple [of] weeks." Vera explained that the investigation into Hernandez's drug distribution began before he was placed on community supervision and continued for over a year after he began active community supervision. During his community supervision period, Hernandez was indicted on three counts in federal court, to which he pled guilty to one count in exchange for dismissal of the remaining counts.

Furthermore, Hernandez pled true to one of the allegations in the State's adjudication motion. "In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision." *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd) (citing *Cobb v. State*, 851 S.W.2d 871, 873–74 (Tex. Crim. App. 1993)). Hernandez's plea of true to one allegation met the State's burden and allowed for the trial court to adjudicate guilt.

Hernandez also testified on his own behalf, explaining that, prior to his federal arrest, he had been doing well on community supervision. He stated that it was his understanding, albeit incorrect, that, if he pled guilty in federal court, it would "dispose of State charges" as well. He stated that he was a drug user and not a dealer and that they had never been able to "catch" him with drugs in his possession, contrary to the allegations.

As to punishment, Hernandez's counsel sought "mercy from the [c]ourt" and asked for a reduced sentence in opposition to the State's recommendation of ninety-nine years. During his testimony, Hernandez also sought a reduced sentence, explaining that he had health concerns and was sixty-three years old at that time. The trial court indicated that the punishment was to protect the community from Hernandez's "criminal scheme or operation" of distributing methamphetamine. As stated in *Rojas*,

> More time for counsel to prepare could not 1) change the terms and conditions of appellant's probation, 2) alter the fact that appellant, by his own admission and by the court's probation records, violated the terms and conditions of his probation, or 3) affect the range within which the trial judge could impose appellant's sentence.

*Rojas*, 943 S.W.2d at 512. We cannot find "that one additional day would have affected [Hernandez]'s defense or the outcome of the . . . hearing." *Rivera*, 123 S.W.3d at 32; *see* TEX. R. APP. P. 44.2(b). We conclude that the error was harmless and overrule Hernandez's sole issue on appeal.

## III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     March 13, 2025
Date Decided:       March 24, 2025

Do Not Publish