# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00725-CR

**Eric Daniel Maldonado, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2011-086, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Eric Daniel Maldonado pleaded guilty to the offense of possession of a controlled substance[1] and was placed on deferred-adjudication community supervision for a period of four years. The State subsequently filed a motion to adjudicate, which the district court granted following a hearing. The district court then rendered judgment adjudicating Maldonado guilty of the underlying offense and sentencing him to 600 days in state jail. In four issues on appeal, Maldonado asserts that the district court: (1) abused its discretion in denying him his counsel of choice; (2) erred in denying him ten days to prepare for the adjudication hearing; (3) abused its discretion in denying him a hearing on his motion for new trial; and (4) denied him due process of law. We will affirm the judgment adjudicating guilt.

---

[1] *See* Tex. Health & Safety Code § 481.115(b).

## BACKGROUND

When Maldonado was charged for the underlying offense, he submitted an application of indigence and request for appointment of counsel to the district court.[2] The district court granted the request and appointed counsel to represent Maldonado, who subsequently pleaded guilty and was placed on deferred-adjudication community supervision. When the State later moved to adjudicate Maldonado, the district court again appointed counsel to represent Maldonado, this time without Maldonado's request. At the adjudication hearing, after conferring with appointed counsel, Maldonado pleaded true to five of eight allegations in the State's motion to adjudicate, and the State abandoned the other three. The district court then rendered judgment as indicated above.

Subsequently, Maldonado filed a joint motion for new trial and motion to recuse the district court judge through a different lawyer whom he had retained, Chevo Pastrano.[3] In the motion for new trial, Maldonado indicated that he had retained Pastrano prior to the adjudication hearing to represent him in this and other cases. By appointing counsel to represent him at the hearing, Maldonado complained, the district court had denied him his counsel of choice. In the motion to recuse, Maldonado further accused the district court judge of bias in favor of pursuing a "policy" of "rapidly disposing of criminal cases" at the expense of Maldonado's right to his counsel of choice.

Following a hearing on the motion to recuse, that motion was denied. Subsequently, Maldonado's motion for new trial was overruled by operation of law. This appeal followed.

---

[2] *See* Tex. Code Crim. Proc. art. 26.04 (providing procedures for appointing counsel to defendants who have been found to be indigent).

[3] Pastrano also represents Maldonado on appeal.

**ANALYSIS**

**Counsel of choice**

In his first issue, Maldonado asserts that the district court denied him his counsel of choice and a "fair opportunity" to select one by appointing counsel to represent him at the adjudication hearing without a request from him. The Sixth Amendment right to counsel includes "the right of a defendant who does not require appointed counsel to choose who will represent him."[4] "However, the defendant's right to counsel of choice is not absolute."[5] A trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar."[6] Additionally, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them."[7]

Initially, we observe that when Maldonado was charged for the underlying offense in this case, he submitted an affidavit of indigence and application requesting appointment of counsel to the district court, certifying that he was "without means to employ counsel of my choosing" and requesting that the district court appoint counsel to represent him. The district court granted the request. "A defendant who is determined by the court to be indigent is presumed to remain indigent *for the remainder of the proceedings in the case* unless a material change in the defendant's

---

[4] *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)); *see* U.S. Const. amend. VI.

[5] *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003).

[6] *Gonzalez-Lopez*, 548 U.S. at 152 (internal citations omitted); *see also Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) ("[A]n accused's right to . . . select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.").

[7] *Gonzalez-Lopez*, 548 U.S. at 151 (citing *Wheat*, 486 U.S. at 159).

3

financial circumstances occurs."[8] "If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination."[9]

The adjudication hearing below was a subsequent proceeding in the same case against Maldonado relating to the underlying offense. Because Maldonado had been found indigent earlier in the case, he was presumed to remain indigent and in need of counsel at the adjudication hearing.[10] At no point prior to or during the adjudication hearing did Maldonado move for reconsideration of that determination. Instead, Maldonado proceeded as if he was still indigent by allowing appointed counsel to represent him at the adjudication hearing, without raising any objection that he was being denied his retained counsel of choice.

At the beginning of the adjudication hearing, the district court asked Maldonado, in the presence of appointed counsel, "Have you gone through the allegations against you with your lawyer?" Maldonado answered, "Yes, sir, I have." Subsequently, after the district court indicated that it would not accept the State's punishment recommendation, appointed counsel responded, without objection from Maldonado, "Judge, I will confer with my client." Shortly thereafter, the following occurred:

> [The Court]: All right. We just entered a plea of true, and I told you I would not take 400 days, based upon that. I said I would take 600 days. Did you understand that?

---

[8] Tex. Code Crim. Proc. art. 26.04(p) (emphasis added).

[9] *Id*.

[10] *See id*.

4

[Maldonado]:      Yes, sir.

[The Court]:      All right.  Is that something that you-all have talked about?

[Appointed counsel]: We did, Judge.  We conferred about the 600 days, and Mr.
                  Maldonado has agreed to accept 600 days in the state jail
                  facility.

[The Court]:      Very well.  You are now adjudicated guilty and sentenced to
                  600 days in the state jail facility.  You will receive any back
                  time credit.

[Appointed counsel]: Thank you, Your Honor.

[The Court]:      Give me your billing when you get it ASAP.

[Appointed counsel]: Yeah, I provided it.  Thank you.

(Hearing concluded.)

In short, the events during the adjudication hearing are consistent with an understanding of all concerned that Maldonado was represented by appointed counsel, and at no point did Maldonado dispel that understanding by objecting or requesting that the court take any action to enable retained counsel to represent him.  To the contrary, he proceeded to rely on appointed counsel's advice.  Nor did Maldonado object to the procedure by which he had been appointed counsel.  Accordingly, we conclude that Maldonado has failed to preserve error.[11]

---

[11] *See* Tex. R. App. P. 33.1(a); *Johnson v. State*, 352 S.W.3d 224, 232 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Gilmore v. State*, 323 S.W.3d 250, 264 (Tex. App.—Texarkana 2010, pet. ref'd); *Emerson v. State*, 756 S.W.2d 364, 368-69 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *see also Wright v. State*, 28 S.W.3d 526, 530 (Tex. Crim. App. 2000) ("We note that appellant points to no place in the record where he objected to the procedure used to appoint him counsel . . . thus, he failed to preserve this point for appellate review."); *Perales v. State*, No. 07-09-00125-CR, 2010 Tex. App. LEXIS 8532, at *3-4 (Tex. App.—Amarillo Oct. 25, 2010, no pet.) (mem. op., not designated for publication) (holding that appellant failed to preserve error when he "neither complained of the fact he was represented by appointed counsel during the adjudication hearing nor requested an opportunity to retain counsel"); *Pacheco v. State*,

5

Maldonado additionally asserts that the district court had an obligation to *sua sponte* inquire at the adjudication hearing into whether Maldonado was indigent or wished to retain counsel. However, this obligation arises in cases where a defendant appears in court pro se without *any* counsel.[12]  In this case, Maldonado did not appear at the adjudication hearing alone—he had appointed counsel representing him throughout the proceeding.  Accordingly, no obligation to inquire into whether Maldonado wished to retain counsel was triggered here.[13]

We overrule Maldonado's first issue.

**Hearing on new-trial motion**

We next address Maldonado's third issue, in which he asserts that the district court abused its discretion by denying Maldonado a hearing on his motion for new trial.[14]  "The purpose

---

No. 08-07-00164-CR, 2009 Tex. App. LEXIS 5806, at *4-5 (Tex. App.—El Paso July 29, 2009, no pet.) (not designated for publication) (holding that appellant waived complaint when he "participated in the entire proceeding with [appointed counsel's] assistance"); *Gonzalez v. State*, No. 01-00-01259-CR, 2002 Tex. App. LEXIS 1185, at *2-4 (Tex. App.—Houston [1st Dist.] Feb. 14, 2002, pet. ref'd) (holding that appellant waived complaint about being denied counsel of choice when he agreed to be represented by another attorney).

[12]  *See Gideon v. Wainwright*, 372 U.S. 335, 340-45 (1963); *Oliver v. State*, 872 S.W.2d 713, 714-15 (Tex. Crim. App. 1994).

[13]  *Cf. Oliver*, 872 S.W.2d at 716 ("The appearance of a criminal defendant in court *without counsel*, therefore, necessitates an examination by the trial judge to assure that the defendant is actually aware of his right to retain an attorney and to discover whether he intends to do so." (emphasis added)).

[14]  In its brief, the State argues only that Maldonado waived error on this point by failing to "present" his motion for new trial to the district court.  *See* Tex. R. App. P. 21.6 (defendant must "present" motion for new trial to trial court within ten days of filing it); *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (holding that in order to present motion for new trial, movant must "actually deliver[] the motion for new trial to the trial court or otherwise bring[] the motion to the attention or actual notice of the trial court").  To the contrary, the record contains an "Order of Referral" signed by the district court judge the day after Maldonado filed his joint motion

6

of a hearing on a motion for new trial is to: (1) 'decid[e] whether the cause shall be retried' and (2) 'prepare a record for presenting issues on appeal in the event the motion is denied.'"[15] Therefore, in order for a defendant to be entitled to a hearing, the motion for new trial must satisfy two requirements: (1) it must assert matters that are "not determinable from the record" and (2) it must assert "reasonable grounds" showing that the defendant could be entitled to relief.[16] "This second requirement limits and prevents 'fishing expeditions.'"[17] Although a defendant "need not plead a prima facie case in his motion for new trial, he must at least allege sufficient facts that show reasonable grounds to demonstrate that he could prevail."[18]

We review a trial court's decision on whether to hold a hearing on a defendant's motion for new trial for abuse of discretion.[19] Under this standard, we reverse only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.[20] Here, our review "is limited to the trial judge's determination of whether

for new trial and motion to recuse, in which the judge explicitly acknowledges the motion for new trial, declines to recuse himself, and refers the matter to the Presiding Judge of the Third Administrative District. The referral order demonstrates that the motion for new trial had been brought to the attention and actual notice of the district court. Accordingly, the presentment requirement was satisfied here. *See Stokes v. State*, 277 S.W.3d 20, 24-25 (Tex. Crim. App. 2009); *Thomas v. State*, 286 S.W.3d 109, 115-17 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

[15] *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (quoting *State v. Gonzalez*, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) (plurality op.)).

[16] *See id.* at 338-39.

[17] *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009) (quoting *Smith*, 286 S.W.3d at 339).

[18] *Id.*

[19] *Id.*; *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).

[20] *Smith*, 286 S.W.3d at 339.

the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief."[21] "If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing" and, in fact, "abuses his discretion in failing to hold a hearing."[22] However, if the trial court finds that the defendant has failed to meet the criteria, the trial court does not abuse its discretion in failing to hold a hearing.[23]

In his new-trial motion, Maldonado asserted, as he does here, that he had been denied his counsel of choice, Pastrano, at the adjudication hearing. Assuming without deciding that this ground satisfies the first requirement for a hearing in that it is "not determinable from the record," we cannot conclude that the district court abused its discretion in failing to find that this is a reasonable ground that could entitle Maldonado to relief under the circumstances here.

The facts alleged in Maldonado's motion for new trial primarily concern alleged efforts by Pastrano and Maldonado himself to inform the district clerk,[24] the prosecutor,[25] and others of Pastrano's representation.[26] Maldonado also alleged that, following his arrest, he had personally

---

[21] *Id*. at 340.

[22] *Id*.

[23] *See id*. at 340 n.23.

[24] Maldonado alleged in his motion that he had faxed a letter to the district clerk's office notifying it that Pastrano represented Maldonado in this case. A copy of the letter was attached to the motion for new trial, but there is no indication in the record that it was ever filed.

[25] The prosecutor's alleged knowledge of Pastrano's representation was based primarily on emails and text messages that he and Pastrano had exchanged following Maldonado's arrest. Copies of the emails and text messages were attached to the motion.

[26] Maldonado alleged that Pastrano had told Maldonado's probation officer and pretrial release officer that he represented Maldonado, had visited Maldonado in jail on multiple occasions, and had previously appeared in court to represent Maldonado in other cases.

8

informed a deputy sheriff at the jail of retained counsel's representation and had "refused to fill out an application for court appointed attorney" that the deputy had provided. Maldonado was nevertheless appointed counsel, he asserted, because of the district court's policy to "rapidly dispose of criminal cases."

Even if these allegations are true and Maldonado had retained counsel to represent him in this case, the fact remains that Maldonado chose to proceed with appointed counsel at the adjudication hearing without objecting to either the appointment itself or any court policy that resulted in the appointment. There are no facts alleged in the motion for new trial explaining why Maldonado, if he wanted retained counsel to represent him at the hearing, did not object to retained counsel's absence from the hearing. Nor are there facts alleged in the motion that attempt to justify or explain Maldonado's inaction. And, Maldonado does not allege that appointed counsel ever knew that Maldonado had retained counsel and rendered ineffective assistance by failing to move to withdraw and substitute counsel or move for a continuance. On this record, it would not be outside the zone of reasonable disagreement for the district court to find that Maldonado failed to assert a reasonable ground that could entitle him to relief.[27] Accordingly, we cannot conclude that the district court abused its discretion in denying Maldonado a hearing on his motion for new trial on that basis.[28]

---

[27] *See State v. Herndon*, 215 S.W.3d 901, 911 n.39 (Tex. Crim. App. 2007) ("Although a timely trial objection is not a mandatory prerequisite to the consideration of a legal claim in a motion for new trial, a trial judge may, in the exercise of his discretion, deny a motion for new trial on this basis because the primary purpose in requiring timely objections is to permit the trial judge to immediately rectify any potential problems and ensure that the original trial moves forward unhampered by any error in its proceedings.").

[28] In a related ground for relief in his motion for new trial, Maldonado also asserted that the prosecutor was partly to blame for the district court's deprivation of Maldonado's counsel of choice

We overrule Maldonado's third issue.

**Preparation time**

In his second issue, Maldonado asserts that the district court erred by proceeding with the adjudication hearing without permitting appointed counsel sufficient time to prepare for the proceeding. By statute, "[a]n appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court."[29] The record reflects that the district court heard the motion to adjudicate five days after it had appointed counsel to represent Maldonado without first obtaining a waiver of the ten-day preparation period. The State concedes that this was a statutory violation, and we agree that it was.

However, we must disregard statutory errors unless they affect a defendant's substantial rights.[30] A defendant's substantial rights are not affected if the reviewing court,

---

because, according to Maldonado, the prosecutor proceeded with the adjudication hearing despite knowing that Maldonado had retained Pastrano in this case. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.09 cmt. 1 ("[A] prosecutor should not initiate or exploit any violation of a suspect's right to counsel, nor should he initiate or encourage efforts to obtain waivers of important pre-trial, trial, or post-trial rights from unrepresented persons."). A prosecutor's violation of the disciplinary rules (if any indeed occurred) could potentially entitle a defendant to a new trial, but only if the defendant suffered "actual prejudice" as a result of the violation. *See House v. State*, 947 S.W.2d 251, 253 (Tex. Crim. App. 1997); *Brown v. State*, 921 S.W.2d 227, 230 (Tex. Crim. App. 1996). It would not be outside the zone of reasonable disagreement for the district court to find that no such prejudice occurred here. This is not a case in which Maldonado appeared in court pro se and unrepresented by counsel. Rather, Maldonado was represented by appointed counsel at the hearing and chose to proceed with appointed counsel. The district court would not have abused its discretion in finding that the prosecutor, by moving forward with the adjudication hearing when Maldonado was represented by counsel, was not initiating, exploiting, or encouraging any violation of Maldonado's right to counsel.

[29] *See* Tex. Code Crim. Proc. art. 1.051(e).

[30] *See* Tex. R. App. P. 44.2(b); *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007); *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002) (citing Tex. R. App. P. 44.2(b));

considering the record as a whole, has fair assurance that the statutory error, in this case the failure to give appointed counsel ten days to prepare for the adjudication hearing, did not affect the outcome of the proceeding.[31]

Here, the proceeding at issue was not a jury or bench trial during which numerous factual and legal issues would be in dispute. Rather, the proceeding was an adjudication hearing at which the only issue was whether Maldonado had violated the terms and conditions of his community supervision as alleged. There were eight alleged violations, three of which the State abandoned at the adjudication hearing. The remaining allegations were that Maldonado failed to report to his probation officer; changed his place of residence without permission; and failed to pay various court costs, fines, fees, and restitution. These are not the type of allegations that would require extensive preparation by appointed counsel.[32] Additionally, appointed counsel did not indicate to the district court that he was not prepared to proceed. At the beginning of the hearing, Maldonado informed the district court that he had already spoken with appointed counsel and had agreed to plead true to several of the State's allegations. After further discussion with appointed

---

*Rojas v. State*, 943 S.W.2d 507, 511-12 (Tex. App.—Dallas 1997, no pet.) (holding that violations of article 1.051(e) are subject to harmless-error analysis); *see also Bergara v. State*, No. 14-07-00938-CR, 2009 Tex. App. LEXIS 6357, at *29-31 (Tex. App.—Houston [14th Dist.] Aug. 13, 2009, pet. ref'd) (mem. op., not designated for publication) (same); *Tinlsey v. State*, No. 08-02-00278-CR, 2004 Tex. App. LEXIS 7105, at *9-10 (Tex. App.—El Paso Aug. 6, 2004, pet. ref'd) (mem. op., not designated for publication) (same).

[31] *See Anderson v. State*, 182 S.W.3d 914, 918-19 (Tex. Crim. App. 2006); *Rojas*, 943 S.W.2d at 512.

[32] In fact, the only allegation in dispute at the adjudication hearing was whether Maldonado had failed to report to his probation officer. The record reflects that appointed counsel had consulted with Maldonado regarding this allegation and was aware of the circumstances surrounding the alleged violation. At the hearing, counsel explained to the district court that Maldonado had been "confused" regarding the county in which he was required to report.

counsel, Maldonado did in fact plead true to the allegations against him, and there is no indication in the record that Maldonado's plea or sentence were influenced in any way by appointed counsel having less than ten days to prepare for the hearing. On this record, we have fair assurance that the failure to give appointed counsel ten days to prepare for the adjudication hearing did not affect the outcome of the proceeding. Accordingly, the error was harmless.[33]

We overrule Maldonado's second issue.

**Due process**

Finally, we briefly address Maldonado's fourth issue, in which he complains of multiple "due process" violations in the proceedings below.[34] Several of the asserted violations are encompassed in Maldonado's previously addressed complaints regarding the denial of his counsel of choice. Again, Maldonado failed to preserve error on those complaints, and he similarly failed to preserve error on any resulting due-process violation.[35] Another alleged violation concerns the district court's initial failure to execute a proper certification of Maldonado's right to appeal, an error

---

[33] *See Rojas*, 943 S.W.2d at 511-12 (violation of article 1.051(e) constituted harmless error); *see also Owens v. State*, No. 02-05-00145-CR, 2006 Tex. App. LEXIS 5756, at *14-15 (Tex. App.—Fort Worth June 29, 2006, no pet.) (not designated for publication) (same); *Tinsley*, 2004 Tex. App. LEXIS 7105, at *9-11 (same); *Fields v. State*, No. 05-98-01540-CR, 1999 Tex. App. LEXIS 7858, at *1-2 (Tex. App.—Dallas Oct. 22, 1999, no pet.) (same; applying harmless-error analysis to probation-revocation case).

[34] *See* U.S. Const. amend. XIV.

[35] *See* Tex. R. App. P. 33.1(a); *Anderson v. State*, 301 S.W.3d 276, 279-80 (Tex. Crim. App. 2009) ("[O]ur prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved.").

which has already been remedied.[36] The remaining allegations can be divided into two categories: (1) allegations of ineffective assistance of counsel; and (2) alleged errors relating to the recusal hearing. Although we find these complaints to be inadequately briefed,[37] we will consider them.

Maldonado's ineffective-assistance complaints are that counsel "did nothing to prepare for dispositive proceedings" and "wholly failed to ascertain if Appellant persisted with his plea of true and accepted the trial court's offer of 600 days in the face of Appellant's disputing allegations in the motion to adjudicate guilt." However, the record of the adjudication hearing reflects that appointed counsel consulted with Maldonado both before and during the hearing, was aware of the circumstances surrounding the disputed allegation in the State's motion to adjudicate and advised the district court of those circumstances, and conferred with Maldonado after the district court indicated that it would not accept the State's punishment recommendation. On this record, we cannot conclude that counsel's performance was deficient or that Maldonado was prejudiced by any alleged deficiency.[38]

Turning to the alleged errors in the recusal hearing, Maldonado asserts that (1) the denial of the recusal motion "guarantee[d] that Appellant's motion for new trial would be overruled by operation of law"; (2) "[t]he judge assigned to preside over the recusal hearing made statements

---

[36] The clerk's record originally contained a trial-court certification indicating that this was a plea-bargain case and that Maldonado had no right of appeal. However, that certification related to the original order of deferred adjudication. The record did not contain a certification of Maldonado's right to appeal the judgment adjudicating guilt. This Court abated the appeal to obtain a proper certification, *see Maldonado v. State*, No. 03-12-00725-CR (Tex. App.—Austin May 9, 2013, no pet.) (mem. op., not designated for publication), and one was provided.

[37] *See* Tex. R. App. P. 38.1(i); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008).

[38] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

13

indicative of having a determination prior to the hearing (stating 'this was silly to begin with')";

(3) "[t]he judge assigned to preside over the recusal hearing denied Appellant a proper record";

and (4) "[t]he judge assigned to preside over the recusal hearing refused to make findings of fact

and conclusions of law." We have reviewed the record of the recusal hearing and conclude that these

complaints have either not been preserved below or are without merit. We find no reversible error

or abuse of discretion by the district court in denying the motion to recuse.[39]

We overrule Maldonado's fourth issue.

### CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed: February 19, 2015

Do Not Publish

---

[39] *See Green v. State*, 374 S.W.3d 434, 446 (Tex. Crim. App. 2012) (motions to recuse are reviewed for abuse of discretion); *see also* Tex. R. Civ. P. 18a; *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that Tex. R. Civ. P. 18a "applies to criminal cases absent 'any explicit or implicit legislative intent indicating otherwise'").